[Civil No. 3792. Filed March 22, 1937.]

[65 Pac. (2d) 1377.]

CHARLES J. LUNDVALL, Appellant, v. CLAR-ENCE M. HUGHES and R. G. BAKER, Appellees.

Mr. Sam H. Kyle, Mr. Mark B. Thompson, Messrs. Armstrong, Kramer, Morrison & Roche (Associate Counsel), for Appellant.

Messrs. Frazier & Perry and Mr. I. Eastvold, for Appellee Hughes.

LOCKWOOD, J.—This is an action by Charles J. Lundvall, hereinafter called plaintiff, against Clarence M. Hughes, hereinafter called defendant, and another, to set aside a certain deed given by plaintiff to defendant. The grounds alleged for setting aside the deed are stated as follows:

"That thereafter the defendant, Clarence M. Hughes, came to the said plaintiff and demanded that he transfer to him the property herein above described, and stated that unless the plaintiff accede to his demands that he would cause proceedings to be brought, which would have the effect of tying up all of the assets of the said plaintiff for an indeterminate length of time. That if the said plaintiff would accede to his demand, that the said plaintiff should receive the rentals from the said property so long as he, the plaintiff, should live."

It is further alleged that by reason of the threats aforesaid plaintiff executed a deed to the premises involved herein and that there was no consideration therefor. Defendant answered, setting up that Adele J. Lundvall, the wife of plaintiff, was the sister of defendant, and that during the last year of her life she was suffering from an incurable disease so that she required constant care and attention; that at the time of her death there were no children living the issue of herself and husband, and she had intended for many years to leave all her property to her husband for life, with reversion at his death to defendant and her nephews, Lester D. and Clarence M. Hughes; that during the last year of her life she requested her nephew, Lester D. Hughes of Jersey City, New Jersey, to come to Phoenix to help care for her and look after her business affairs, and as a consideration therefor agreed to will her property as aforesaid. He further alleged that during the last year of her life Lester D. Hughes did come to Phoenix and care for her, but that upon

her death it was discovered that she had not devised her property in accordance with her promise, but had left it all unconditionally to her husband, plaintiff herein. The answer continued that immediately after the death of his wife the plaintiff, recognizing the obligation of his wife, on account of the promises aforesaid, made a will bequeathing all the property of which he might die possessed, in accordance with the promise of his wife, but that subsequent thereto he remarried and made a new will, ignoring the agreement of his wife as aforesaid. It was then stated that, subsequent to the making of this last mentioned will, the defendant came to Phoenix to consult with plaintiff, and, after considerable discussion, the latter did make a deed to the premises in question as a full compromise and satisfaction of the claim of defendant and his nephews against the estate of Adele J. Lundvall, defendant taking the property merely as trustee for himself and his nephews, and he and they executing a waiver of any further claim against the estate. The case was heard to the court without a jury, and it found, in substance, that the reason for the conveyance was that defendant and his nephew, Lester D. Hughes, contended that they had a claim against the estate of Adele J. Lundvall, deceased, and threatened, in case the deed in question was not made, they would bring an action against the plaintiff to determine such claim; that, in order to prevent such action, plaintiff did make the deed in question, the consideration being the forbearance on the part of defendant to bring the suit which he had threatened. While the court did not specifically find on that point, we must assume from its judgment that the claim of defendant and his nephews was made in good faith, whether legally enforceable or not. The question before us, then, is whether a threat to bring a civil action to enforce a claim which is made in good faith is such duress as to render voidable a transfer of real

estate made in consideration of the abandonment of such action and any further claim as against the grantor.

 Under the common law, duress by means of threats was generally confined to threats of physical violence or criminal prosecution, but the modern doctrine has considerably relaxed this rule. Duress is defined in Restatement, Law of Contracts, paragraph 492, as follows:

"(a) any wrongful act of one person that compels a manifestation of apparent assent by another to a transaction without his volition, or

"(b) any wrongful threat of one person by words or other conduct that induces another to enter into a transaction under the influence of such fear as precludes him from exercising free will and judgment, if the threat was intended or should reasonably have been expected to operate as an inducement."

And the threats may be of several things, the only one pertinent to the present case being as stated as follows (Id., par. 493):

"(e) any other wrongful acts that compel a person to manifest apparent assent to a transaction without his volition or cause such fear as to preclude him from exercising free will and judgment in entering into a transaction."

It will be observed from these definitions that the threat must be of some act which causes such fear in the person threatened as to preclude him from exercising free will and judgment in entering into the transaction, and that the act threatened must be an unlawful one. Is the threat of a civil action founded upon a claim made in good faith one of an unlawful act? It is generally held, even in the states which have most relaxed the common-law rule in favor of the modern doctrine of duress, that the threat of bringing a civil action against another, when founded upon a claim

made in good faith, is not duress unless it be made in a manner which shows that the civil action is not intended to be used merely for the purpose provided by law, but is in reality brought or carried on for the purpose of extortion. An illustration of the difference between threats of legal action which are not duress and those which are is afforded by two instances set forth in the Restatement as follows, par. 493, *supra*:

"10. A threatens B, who is about to present a dramatic performance, with a suit for injunction unless B contracts to give A a share of the profits. The performance has been advertised and the threatened suit is likely to stop the production, or prevent it from succeeding. B, therefore, assents to A's demand. A has in fact no ground for suit but is acting in good faith. There has been no duress."

"14. A has a valid execution issued on a judgment against B. A threatens B that unless B gives him a mortgage the execution will be levied on B's household furniture during the wedding reception of B's daughter. B gives him the mortgage induced by fear that A will carry out his threat. There is duress."

It will be noted that in the first case the real purpose of the suit is to collect something which A believes, although incorrectly, that he is rightfully entitled to. In the second case, he is rightfully entitled to his execution, but is threatening to use it in such a manner as to force A, by fear of public humiliation, to comply with his terms.

█ Under the facts of the present case, defendant honestly believed he and his nephews were entitled to a reversionary interest in all of the estate of Adele J. Lundvall. He had endeavored, as the evidence shows, to secure what he believed his rights by peaceable negotiation, but, when he failed, threatened to bring suit claiming that would tie up the entire estate until his rights were determined. Necessarily any suit to establish a claim of the nature referred to in the estate

of Adele J. Lundvall would have the effect of clouding the title to all of the community estate of plaintiff and his deceased wife, but this was a natural and inevitable result of any attempt by defendant to establish the claim. As an alternative, defendant offered to compromise and settle the claim by accepting much less than he believed he was entitled to. We are of the opinion that the threat was rather one to use than to abuse legal process, and that under the rule set forth in the Restatement above there was no legal duress exercised. This makes it unnecessary for us to consider any of the other questions raised by the appeal.

The judgment of the superior court is affirmed.

McALISTER, C. J., concurs.