337 P.2d 285

Paul SULGER, Petitioner,

v.

SUPERIOR COURT of State of Arizona IN AND FOR COUNTIES OF COCHISE AND PIMA, and Honorable Frank E. Thomas and Honorable Lee Garrett, Judges Thereof, Respectively, Respondents.

No. 6740.

Supreme Court of Arizona.

March 25, 1959.

300

Anthony T. Deddens, Bisbee, for petitioner.

Kramer, Roche, Burch & Streich, and Dan Cracchiolo, Phoenix, for respondents.

PHELPS, Chief Justice.

The petitioner, Paul Sulger, instituted this original proceeding in certiorari against the Superior Courts of Cochise and Pima Counties, Frank E. Thomas and Lee Garrett, judges and clerks thereof respectively, for the purpose of testing the legality of the action taken by said courts as will hereinafter be set forth. The clerks of the respective courts were improperly joined as parties defendants and are hereby ordered dropped from the title hereof.

On August 2, 1958, petitioner filed a complaint for damages for slander against Joseph U. Cracchiolo, defendant, in the Superior Court of Cochise County. In his complaint the petitioner alleged that:

"On or about the 12th day of June, 1958, at *Sierra Vista, Cochise County, Arizona,* the defendant spoke and directed, in the hearing of sundry persons, of and concerning the plaintiff certain false and slanderous words substantially as follows: (then followed slanderous words)  * * *." (Emphasis supplied.)

On August 15, 1958, defendant Cracchiolo filed his application and affidavit for change of venue of said action to Pima county. The application stated that (1) the defendant is a resident of Pima county, (2) defendant is engaged in the active practice of law in Pima county, and to have the action heard in Cochise county would materially affect his practice and the duty he has to his clients who are located in Pima county, (3) it would create an unbearable hardship on defendant. In the affidavit defendant swears that he is a resident of Pima county and practices law there.

Defendant requested oral argument and the application for change of venue was heard by the Superior Court of Cochise County, Judge Frank E. Thomas presiding, on September 8, 1958, at which hearing neither party presented any evidence. On September 9, 1958, Judge Thomas, one of the respondents herein, granted the application and ordered said action transferred to the Superior Court of Pima County. In accordance with said order the action was transferred to and received by the Superior Court of Pima County. The Superior Court of Pima County, Judge Lee Garrett respondent presiding, proceeded to hear certain motions presented by the defendant, which are not material to the case at hand. It should be noted, however, that to date of

instituting these proceedings the case had been pending and no answer has been filed.

Based on these facts Paul Sulger, on September 23, 1958, petitioned this court for a writ of certiorari contending that the order of the Superior Court of Cochise County was and is in excess of the jurisdiction vested in said court and that there is no appeal from said order and petitioner has no other plain, speedy or adequate remedy. On October 6, 1958, a writ of certiorari issued commanding that respondents return to this court all records, proceedings, pleadings and documents filed in the case of Paul Sulger, plaintiff, v. Joseph U. Cracchiolo, defendant, and to desist from further proceedings in the matter to be reviewed. Subsequent to October 6, 1958 respondents returned to this court said records enumerated above.

Petitioner contends that the record of the case in the Superior Court of Cochise County shows that the action for slander was filed in the proper county under the law and therefore the Superior Court of Cochise County, and Judge Frank E. Thomas, respondent, were without jurisdiction to transfer the case from Cochise county to Pima county because there was no evidence before the court or respondent Thomas upon which jurisdiction to transfer the cause could be based.

A.R.S. § 12–401 provides, "No person shall be sued out of the county in which he resides, except: * * *"

"10. When the foundation of the action is a crime, offense *or trespass* for which an action in damages may lie, the action may be brought in the county in which the crime, offense or trespass was committed or in the county in which the defendant or any of the several defendants reside or may be found, * * *." (Emphasis supplied.)

A.R.S. § 12–404 provides:

"A. *If an action is not brought in the proper county,* the court shall nevertheless have jurisdiction and may hear and determine the action unless the defendant, before expiration of the time allowed to answer, files with the clerk of the court in which the action is brought an affidavit of the defendant, his agent or attorney, stating that the county in which the action is brought is not the proper county and stating the county of the defendant's residence, and praying that the action be transferred to the proper county." (Emphasis supplied.)

▮ If the complaint filed in this case comes within the provisions of A.R.S. § 12–401, paragraph 10, then the suit was properly brought in Cochise county. Therefore, the precise question to be decided is whether or not slander comes within the definition of a trespass as used in A.R.S. § 12–401, paragraph 10. We are of the view that an action for damages for slander is an action,

the foundation of which is a trespass for which damages may lie and therefore *may be brought in the county in which the trespass was committed* or in the county in which the defendant resides or *may be found.* Cox v. Strickland, 120 Ga. 104, 47 S.E. 912; Crespi v. Wigley, Tex.Civ.App., 18 S.W.2d 716; Graves v. Buzbee, Tex.Civ. App., 45 S.W.2d 392; Houston Pilots v. Goodwin, Tex.Civ.App., 178 S.W.2d 308; 53 C.J.S. Libel and Slander § 152, p. 237; 33 Am.Jur. 207 § 224. In the present case then, the action was properly brought in Cochise county because the complaint alleged that, "slanderous words were spoken of and concerning the plaintiff at Sierra Vista, Cochise County", and because the record shows defendant was found and served in Cochise county, neither of which were controverted by the defendant.

■ A.R.S. § 12–404 gives the court power to transfer an action only if it, "is not brought in the proper county." There is no merit to respondents' assertion that A.R.S. § 12–404 is authority for the transfer of the action because as stated above the action was originally brought in the proper county.

■ Respondents also rely upon A.R.S. § 12–406 in support of their claim here. This section provides that after an answer has been filed in a civil action that if either party thereto files an affidavit in the action alleging any of the grounds specified in subsection B thereof and gives five days notice to the opposite party the venue may be changed as provided in A.R.S. § 12–407. A.R.S. § 12–406 B sets forth the following grounds for such change:

"1. That there exists in the county where the action is pending so great a prejudice against the party requesting a change of venue that he cannot obtain a fair and impartial trial.

"2. That the convenience of the witnesses *and* the ends of justice would be promoted by the change. (Emphasis ours.)

"3. That there is other good and sufficient cause, to be determined by the court."

A.R.S. § 12–406 B, above quoted, cannot be a basis for jurisdiction to transfer the instant action because it applies only after an answer has been filed, and as previously stated, no answer has yet been filed. Furthermore, defendant has stated nothing in his application or affidavit for change of venue that remotely indicates his reliance upon the provisions of that section.

Respondents contend that certiorari may be granted only when two facts appear: (a) the jurisdiction of the inferior tribunal must have been exceeded and (b) there is neither an appeal nor a plain, speedy and adequate remedy; that in the instant case the court is dealing with venue, which refers to place of trial and does not refer to jurisdiction at

all; that the trial court did not exceed its jurisdiction in transferring the case and therefore petitioner is not entitled to a writ of certiorari.

In answer to respondents' contention we believe that the issue presented to this court is whether the Superior Court of Cochise County had the jurisdiction to make an order transferring the case from Cochise county to Pima county, based upon the record as it existed in the Superior Court of Cochise County at the time of the order transferring the case. In Tribolet v. Fowler, 77 Ariz. 59, 266 P.2d 1088, this court held that if an action is originally brought in the proper county, venue cannot be changed as a matter of right, and the Superior Court of Pinal County was without jurisdiction to enter the order transferring the cause to the Superior Court of Pima County and therefore the Superior Court of Pima County acquired no jurisdiction to hear it. In the present case the action was originally brought in the proper county and therefore not within the provisions of A.R.S. § 12–404. Due to the fact that an answer had not been filed and none of the grounds set forth in § 12–406, supra, were relied upon in the application and affidavit, that section has no application here. As stated above, § 12–401 gives no authority for such transfer.

■ The order transferring said cause to Pima county is not an appealable order nor do we know of any other plain, speedy and adequate remedy available to petitioner. We therefore hold that the Superior Court of Cochise County exceeded its jurisdiction in transferring the case to Pima county; that the Superior Court of Pima County acquired no jurisdiction to act in the case, and it is hereby ordered that the case be remanded forthwith to the Superior Court of Cochise County for further proceedings in that county.

STRUCKMEYER, UDALL, JOHNSON and BERNSTEIN, JJ., concur.