348 P.2d 924

George PRIDE and Janice Pride, husband and wife, Petitioners,

v.

SUPERIOR COURT of Arizona in and for the COUNTIES OF PIMA AND COCHISE, and Raul H. Castro and Frank E. Thomas, Judges thereof, Respondents.

No. 6938.

Supreme Court of Arizona.

Feb. 3, 1960.

158

Philip S. Malinsky, Tucson, for petitioners.

Robert O. Lesher, Tucson, and Ramon R. Alvarez, Douglas, for respondents in the lower court (no appearance here).

UDALL, Justice.

The petitioners, George Pride and Janice Pride, his wife, instituted this original proceeding in certiorari against the superior courts of Cochise and Pima counties, and Honorable Frank E. Thomas and Honorable Raul H. Castro, the respective judges thereof, for the purpose of testing the legality of certain actions taken by said courts as will hereinafter be set forth.

It appears from the verified petition for writ of certiorari, the allegations of which stand undenied, that on June 18, 1959, the petitioners, as plaintiffs, filed a complaint in Pima County Superior Court for injuries suffered in an automobile collision between their car and a truck driven by defendant Rafael G. Romero, being cause No. 59385. The latter and his wife, Maria Romero, were named as defendants. Thereafter within two days both defendants were personally served with copies of summons and complaint in Tucson, Pima County, Arizona. Defendants, on June 26, 1959, filed a motion to dismiss for improper venue, or for transfer, on the grounds that defendants were residents of Cochise County and that the accident in question happened in that county. However, the supporting affidavit did not attempt to controvert the fact that defendants were both served with process in Pima County. Petitioners filed opposition to the motion to transfer which was supported by a controverting affidavit stating where service was had and asserting that the action, under the statute (A.R. S. § 12-401), was properly brought in Pima County.

A hearing on said motion for transfer was held July 8, 1959, before respondent, Honorable Raul H. Castro—one of the presiding judges of Pima County—at which no new evidence was taken, the parties standing on the affidavits theretofore submitted. Thereupon, respondent Judge Castro entered an order transferring said case to Cochise County Superior Court, where the action was docketed as cause No. 18,800. So as to avoid being in default, petitioners then filed an answer and interrogatories; it is alleged, upon information and belief, that respondent Judge Thomas will proceed to

rule upon subsequent motions and will try the case, unless he is ordered by this Court to desist from further proceedings pending the review of said order of transfer.

An informal hearing, under the provisions of Rule I, Rules of the Supreme Court, 17 A.R.S., was held September 22, 1959, on the instant application for certiorari. Attached thereto was petitioners' memorandum of points and authorities. Our minutes of that date read:

"Writ of certiorari granted. Petitioner stands on his memorandum and respondents are given 15 days to answer."

There appears in the record an order for the writ of certiorari to issue, signed by the Chief Justice, as well as the formal writ signed by the Clerk on September 24, 1959, which writ directs that a full and complete transcript of the record and proceedings in the lower court be certified to this Court on or before October 6, 1959; and in the meantime respondents were ordered to desist from further proceedings in the matter to be reviewed.

It does not appear from our records that any response to the writ was ever filed nor were the records of the lower court certified and transmitted as directed; furthermore no answering memorandum of authorities was submitted by respondents within 15 days, or at all. On this state of the record the petitioners, on January 11, 1960, filed their "Motion to Submit for Decision", serving a copy thereof on each of the respondents as well as on the attorneys who represented the defendants in the lower court. No response having been filed to this motion the matter was ordered submitted for decision. This inaction on the part of respondents might well be considered as a confession of error, at least on the part of respondent Judge Castro, in ordering that cause No. 59385 be transferred to Cochise County. Nevertheless we shall dispose of the matter on its merits.

■ There can be no question but that a tort action for damages arising out of an automobile collision is a transitory one. We so held in Friedman v. Friedman, 40 Ariz. 96, 9 P.2d 1015. In Atchison, T. & S. F. R. Co. v. Worley, Tex.Civ.App., 25 S.W. 478, 479, the Texas court said:

"* * * An action such as this, based on personal injuries, is purely transitory, and follows the person of the wrongdoer, wherever he goes; and courts take jurisdiction, wherever he is found, to redress the wrong, without regard to where he or his victim resided, or the injury was inflicted. * * *"

See also 56 Am.Jur., Venue, section 14; Saliba v. Saliba, 178 Ark. 250, 11 S.W.2d 774, 61 A.L.R. 1348, and Loranger v. Nadeau, 215 Cal. 362, 10 P.2d 63, 84 A.L.R. 1264. Cf. Santa Cruz Ranch v. Superior

Court, 76 Ariz. 19, 258 P.2d 413, as to an action in personam.

The distinction between a transitory cause of action and a local cause of action is set forth in 56 Am.Jur., Venue, § 3, as follows:

"The fundamental rule for determining whether an action is a transitory or a local one is this: If the cause of action could have arisen in any place whatsoever, it is transitory, and unless there is a statute to the contrary an action thereon can be brought wherever the defendant can be found and jurisdiction over his person obtained * * * But if the cause of action is one that in its nature can arise in one place only, the action is local and suit can be brought only where the cause of action arose. * * *"

■ The Arizona venue statute, we believe, preserves the common law rule that plaintiff may bring suit in a transitory cause of action wherever the defendant can be found and served with process. The general rule as fixed by statute is, however, that "No person shall be sued out of the county in which he resides, * * *"—A.R.S. § 12–401; but there are a number of statutory exceptions to this rule. One is that:

"* * * 10. When the foundation of the action is a crime, offense or trespass for which an action in damages may lie, the action may be brought in the county in which the crime, offense or trespass was committed or in the county in which the defendant or any of the several defendants reside or may be found, * * *."

In interpreting this subsection we held, in Miles v. Wright, 22 Ariz. 73, 81, 194 P. 88, 12 A.L.R. 970, that a complaint charging certain peace officers with false arrest and imprisonment constituted a "trespass" and fell within the exception. In a similar situation, more recently it was held in Sulger v. Superior Court, 85 Ariz. 299, 337 P.2d 285, that *slander* is also a "trespass".

■ The question then presents itself: does a tort action, such as is involved here, constitute a "trespass" within the broad meaning of subsection 10, supra? Tribolet v. Fowler, 77 Ariz. 59, 266 P.2d 1088, teaches that in determining venue the court, inter alia, properly looks to the complaint, and, in doing so, construes same liberally in favor of the pleader. Here, petitioners' (plaintiffs') complaint alleges that the cause of injury to the petitioners was that

"* * * the defendant Rafael G. Romero, so carelessly, negligently, recklessly and wantonly operated said truck that it ran into, upon and against plaintiff's Ford automobile. * * *"

The courts of Texas (from which state our venue statutes were principally taken, see Miles v. Wright, 22 Ariz. 73, 81, 194 P. 88, 12 A.L.R. 970), in construing the meaning of the word "trespass" in their similar venue statute, have declared:

"* * * The rule which seems to have been adopted by our courts, as well as the courts of other states that have a venue statute similar to ours, is that a trespass within the contemplation of the venue statute embraces not only actions of trespass proper, as known to the common law, but also *actions of trespass on the case* where an injury has been willfully, intentionally, or negligently done by one party to the person or property of another * * *." (Emphasis supplied.) Crespi v. Wigley, Tex.Civ.App., 18 S.W.2d 716, 717.

See also, Houston Pilots v. Goodwin, Tex.Civ.App., 178 S.W.2d 308. And as more specifically related to automobile collisions, it was held in Prince v. Miller, Tex.Civ.App., 131 S.W.2d 1077, 1078:

"The negligent operation of an automobile resulting in striking and injuring the person or property of another constitutes a trespass. * * *"

See also, Hill v. Connors, Tex.Civ.App., 219 S.W.2d 587.

We adopt the reasoning of the Texas courts in this matter and hold that the acts of affirmative negligence, charged in this tort action, supra, constitute *a "trespass" on the case* within the meaning of our venue statute. Having reached this conclusion, our pronouncements in the Sulger case, supra, are controlling.

It is well settled that once the action is brought in the *proper county,* the court has no jurisdiction to change the venue of the action. See, A.R.S. § 12–404; Miles v. Wright, supra; Tribolet v. Fowler, supra.

The order of transfer was not appealable, hence under the record here presented certiorari was the proper remedy. We, therefore, hold that the superior court of Pima County exceeded its jurisdiction in ordering cause 59385 transferred to Cochise County and such order is hereby declared null and void. The superior court of Cochise County acquired no jurisdiction to act in the matter and hence should return the case forthwith to the superior court of Pima County for further proceedings.

STRUCKMEYER, C. J., and PHELPS, JOHNSON and BERNSTEIN, JJ., concur.