397 P.2d 450

Louis Byron **ELLSWORTH** and Lillian Ellsworth, his wife, Appellants,

v.

Russ A. **LAYTON** and Betty Layton, his wife, Appellees.

No. 7256.

Supreme Court of Arizona.

En Banc.

Dec. 16, 1964.

Rehearing Denied Jan. 12, 1965.

Harold A. Beelar, Globe, and Jack C. Cavness, Phoenix, for appellants.

Wilford R. Richardson, Safford, for appellees.

SCRUGGS, Justice.

The parties will be referred to as plaintiffs and defendants as they appeared in the lower court.

This is an appeal by the defendants from a judgment in favor of the plaintiffs after a trial by jury in the Superior Court of Graham County, Arizona. In support of their appeal, the defendants have assigned three purported errors of the trial court, which, stated in general terms, are:

(1) The denial by the trial court of defendants' motion for change of venue based upon the fact that the action was commenced in Graham County although the

defendants at that time were residents of Pinal County;

(2) The submission to the jury of the question of damages sustained by the plaintiffs as a result of the interference by the defendants with the shipping of cattle owned by the plaintiffs for the reason that there was no competent evidence submitted on this issue;

(3) The denial of defendants' motion for new trial based upon the contention that there was no competent evidence submitted to the jury to sustain its verdict for damages to the plaintiffs by reason of the interference by the defendants with the shipping of the plaintiffs' cattle.

■ In considering Assignment of Error No. 1, we are required to test the question of venue by an examination of the complaint and the affidavit filed with the motion for a change of venue. Tribolet v. Fowler, 77 Ariz. 59, 266 P.2d 1088. After the motion for change of venue was filed by the defendants, the plaintiffs filed an amended complaint. For purposes of disposing of Assignment of Error No. 1, we will consider the motion for change of venue as running to the amended complaint. The amended complaint states the same purported facts as are set forth in the original complaint, but states three causes of action instead of one cause of action. The defendants' motion for change of venue is predicated upon A.R.S. § 12-401 and the fact that the defendants are residents of Pinal County, Arizona. It assumes that the complaint does not set forth any allegations which bring the action within one of the exceptions to the rule which requires the court to transfer the action to the place of residence of the defendants upon a showing that the defendants are residents of a county other than the one in which the action is pending. It should be pointed out that the action was commenced in Graham County; that the defendants claim, and the complaint alleges, that the defendants are residents of Pinal County; thus, there is no issue of fact raised as to the residence of any party.

An examination of the plaintiffs' amended complaint discloses that the first cause of action describes a contractual relationship between the plaintiffs and the defendants consisting of a pasturing agreement under the terms of which the plaintiffs were to pasture some cattle on the land of the defendants in Cochise County, Arizona, and equally divide the gain in weight of the cattle with the defendants after the deduction for some expenses. After setting forth the contractual relationship, the plaintiffs allege that they have suffered damages in the sum of $2,091.25 by reason of the unlawful acts of the defendants in interfering with the plaintiffs in the shipping and sale of the cattle and seek to recover said damages. In addition, in the same cause of action, the plaintiffs allege that in

order to prevent the defendants from carrying out said threat the plaintiffs arranged for the payment to the defendants of the sum of $4,000.00, said sum being paid by the buyer of the cattle out of the proceeds from the sale thereof. The plaintiffs further allege that defendants agreed in writing to repay to the plaintiffs at Safford, Arizona, any part of said sum of $4,000.00 which exceeded the sum computed by multiplying the gain in weight of the cattle by 7½ cents per pound of gain. The defendants allege the amount due from defendants to plaintiffs under said arrangement to be $1,907.48, payable at Safford, Arizona, and seek to recover that sum in addition to the sum of $2,091.25 for the interference above referred to.

The second cause of action describes a lease agreement between the plaintiffs and the defendants under the terms of which the plaintiffs were to farm the defendants' land in Cochise County and divide the profits on the crop. Said cause of action alleges that the plaintiffs borrowed funds from the Valley National Bank at Safford, Arizona, and executed a crop and chattel mortgage on the aforesaid crop and on some farm machinery belonging to the plaintiffs; that the defendants had executed a waiver of lien and non-disturbance agreement covering the crop and farm machinery and had delivered the same to the Valley National Bank for the purpose of inducing the loan of money by the Valley National

Bank to the plaintiffs; that thereafter the defendants unlawfully took possession of and sold the farm machinery of the plaintiffs. On these allegations, plaintiffs seek to recover damages from the defendants.

The third cause of action seeks to recover the reasonable value of some fertilizer placed on the defendants' land in Cochise County for the benefit of the defendants.

The plaintiffs, in the controverting affidavit to the motion for change of venue seek to come within the exception contained in A.R.S. § 12–401(5) which reads:

"Persons who have contracted in writing to perform an obligation in one county may be sued in such county or where they reside."

In defendants' affidavit in support of their motion for change of venue, defendants allege:

" * * * That all business transactions referred to in plaintiffs' complaint were signed by the defendants at Casa Grande, Pinal County, Arizona. That the real and personal property referred to in plaintiffs' complaint is situated within Cochise County, Arizona, where the lease agreement was to be performed."

In the controverting affidavit, the plaintiffs allege that the waiver of lien and non-disturbance agreement was executed, sealed

and delivered on the 8th day of May, 1959, at Safford, Graham County, Arizona, and allege that the arrangement for the $4,000.00 payment to the defendants described in the complaint was executed in Cochise County, Arizona.

The trial court was required to determine from the affidavits and the allegations of the amended complaint where any obligation under any contract described in the amended complaint was to be performed. Tribolet v. Fowler, supra.

■ ■ It will be observed from the résumé of the amended complaint above set forth that the third cause of action is an action in *quantum meruit,* and since such a contract is an implied contract and not a contract in writing it does not come within the provisions of A.R.S. § 12–401(5). The second cause of action does not seek to enforce an obligation growing out of contract, but, on the contrary, seeks redress in damages for unlawful acts alleged to have been perpetrated by the defendants on the plaintiffs. The first cause of action also seeks damages for what is alleged to have been an unlawful act, but in addition thereto it also seeks the recovery of money on a contract in writing to be performed in Safford, Arizona. This allegation brings the case within the provisions of A.R.S. § 12–401(5) and permits the plaintiffs to bring the action in Graham County, Arizona. There is nothing in the affidavit in support

of the motion for change of venue which in any way challenges the allegations in the amended complaint. It is true that the affidavit in support of the motion for change of venue and the controverting affidavit put in issue the place of the execution of the agreement for the repayment of the money referred to in the amended complaint, but it was not necessary for the court to determine the correct situation since the amended complaint specifically alleges that the obligation set forth in the instrument in writing was to be performed in Graham County, Arizona.

■ Once an action is brought in the proper county, the court has no jurisdiction to change the venue. Pride v. Superior Court, 87 Ariz. 157, 348 P.2d 924; Miles v. Wright, 22 Ariz. 73, 194 P. 88, 12 A.L.R. 970. Since the action was brought in the proper county under the allegations of the amended complaint, Assignment of Error No. 1 is without merit.

In connection with assignments of error numbered 2 and 3, the material facts, taken in the light most favorable to sustaining the trial court, are:

On the 15th day of January, 1960, the plaintiff Russ A. Layton had rounded up and corralled in a corner of the pasture the cattle which he had previously placed upon the defendants' land pursuant to an agreement between the plaintiffs and the defendants. The rounding up of the cattle was

for the purpose of placing them in the corral near the place where they were then held so that they could be shipped on the 16th day of January, 1960, at seven o'clock a. m. On the evening of the 15th day of January, 1960, the defendant Louis Byron Ellsworth came to the property and demanded that his name be placed on the draft which would be issued on the sale of the cattle. After some discussions wherein the plaintiff Russ A. Layton refused to accede to his request, defendant Louis Byron Ellsworth advised the plaintiff Russ A. Layton that he would stop the sale of the cattle with litigation, upon which event said defendant opened a gate and through it left the premises.

The plaintiff Russ A. Layton released the cattle from the place where they were then being retained and permitted them to wander back into the pasture. The next day, plaintiff Russ A. Layton met the defendant Louis Byron Ellsworth in town, and he and said defendant came to an agreement as to how the monies from the sale of the cattle would be handled. Under the terms of said agreement, a $4,000.00 draft was to be made payable to the defendants subject to adjustment after the weights were determined; the defendants to be paid 7½ cents for each pound of weight gain shown at the time of the sale. At the time the cattle were placed on the property for pasture, the gross weight was 80,093 pounds and the total weight at the time of the sale was 121,180 pounds. The cattle were again gathered by the plaintiffs and shipped on the 18th day of January, 1960. Between the time the defendant Louis Byron Ellsworth had advised the plaintiffs of his intent to commence litigation to stop the shipment and sale and the time the cattle were gathered a second time, they had stampeded, and the plaintiffs established that there was some weight loss between the 15th of January and the 18th of January by reason of the stampede and that their damages as a result thereof, together with their costs of gathering the cattle a second time and the delay in shipping, were $1,692.60, for which claim is made in the amended complaint. By reason of the 7½ cents per pound of weight gain agreed figure to be paid to the defendants, the $4,000.00 draft overpaid the defendants by the sum of $918.48 by the defendants' testimony, although the plaintiffs contended that they were entitled to receive from the defendants the sum of $1,907.48 additional costs caused by the release of the cattle and the subsequent gathering of them a second time.

The plaintiffs contended that the threat of litigation, coupled with the action of the defendant Louis Byron Ellsworth, constituted duress because said defendant threatened to use legal process to stop the shipping of the cattle. After making the threat, said defendant left the premises where the cattle were located, and the plain-

tiff Russ A. Layton was free to take such action with respect to the cattle as he saw fit. Said plaintiff released the cattle, and he explained his act for so doing on the basis that he was saving the expense of trucks coming to the ranch, which expense would ensue were he to continue with his plans for shipping the next day and suffer the stoppage thereof by the litigation threatened by the defendant Louis Byron Ellsworth. Defendant Louis Byron Ellsworth believed he had the right to file suit to stop the shipping of the cattle.

 We do not perceive that the threat of legal action to enforce a right which a party thinks he has constitutes actionable duress. McKay et al v. Retail Automobile Salesmen's Local Union No. 1067, 16 Cal.2d 311, 106 P.2d 373; Lundvall v. Hughes, 49 Ariz. 264, 65 P.2d 1377.

Under the circumstances, we find that it was error for the court to submit to the jury the question of damages by reason of duress exercised by the defendant Louis Byron Ellsworth against the plaintiff Russ A. Layton, since there was no evidence sufficient to permit damages to be assessed on that ground.

██ The issues set up in the pleadings were all fully submitted to the jury. The plaintiffs' testimony placed their damages for the alleged interference by the defendants with the sale of the cattle in the sum of $1,692.60. The parties did not take the precaution of requesting a separate verdict on each cause of action and were satisfied with a general verdict both as to the complaint and to the counterclaim. It cannot be determined whether in arriving at its verdict the jury allowed any damages stemming from what the plaintiffs contend to have been interference with the sale of the cattle. Hence, the verdict cannot stand. Weng et al. v. Schleiger et al., 130 Colo. 90, 273 P.2d 356.

The judgment of the lower court is reversed and the case remanded for new trial.

LOCKWOOD, V. C. J., and STRUCKMEYER and BERNSTEIN, JJ., concurring.

NOTE: Chief Justice UDALL, having announced his disqualification, did not participate in the determination of this appeal.