409 P.2d 593

Thomas L. BROWN and Opal I. Brown, husband and wife, Petitioners,

v.

SUPERIOR COURT of Arizona, IN AND FOR the COUNTY OF PIMA, and Robert O. Roylston, Judge thereof, and Fred L. Patterson, M.D., Respondents.

No. 2 CA–CIV 190.

Court of Appeals of Arizona.

Jan. 12, 1966.

Rehearing Denied Feb. 9, 1966.

Review Denied March 1, 1966.

Miller & Pitt, by Robert F. Miller, Tucson, for petitioners.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by Harry J. Cavanagh, Phoenix, for respondents.

MOLLOY, Judge.

By petition to this court for a writ of certiorari, petitioners contend that the superior court exceeded its jurisdiction in granting a change of venue to a defendant-doctor in a malpractice suit. Petitioners herein, plaintiffs below, brought suit in Pima county against the defendant-doctor and a defendant-hospital for damages allegedly arising out of injuries sustained by the petitioner, Opal Brown, as a result of surgery performed by the doctor, a resident of Cochise county, at the hospital, located in Cochise county.

Petitioners did not effect service of process, either in Cochise county, Pima county or elsewhere. A copy of the complaint and summons was, however, sent by registered letter to the defendant-doctor in Cochise county. The defendant-doctor then appeared, through his counsel, in Pima county, and moved that the superior court (1) change the venue to Cochise county, and (2) dismiss the action. The motion to dismiss was continued, subject to call, and the motion for change of venue was granted. Petitioners now seek to have the order of the superior court changing venue from Pima to Cochise county annulled.

■ Venue is a privilege of the one to whom it is granted, Sil-Flo Corporation v. Bowen, 98 Ariz. 77, 402 P.2d 22 (1965), so that a defendant is entitled to have a suit against him tried in the place of his residence unless the cause of action falls within one of the exceptions of A.R.S. § 12–401. If the cause does not fit one of the exceptions, then the only proper county for venue is the county of defendant's residence. Although, under the 1960 amendments to the Arizona Constitution, venue is no longer jurisdictional in Arizona, Sil-Flo Corporation v. Bowen, supra,

venue determinations by the superior court are subject to review by certiorari for abuses of discretion. Goff v. Superior Courts, 2 Ariz.App. 344, 409 P.2d 60, filed December 22, 1965.

Petitioners contend that the subject order transferring venue is void because venue properly lies in Pima county under subsec. 10 of our venue statute. Pertinent portions of the venue statute read:

"§ 12–401. Venue.

"No person shall be sued out of the county in which he resides, except:

    *     *     *     *     *     *

"10. When the foundation of the action is a crime, offense or *trespass* for which an action in damages may lie, the action may be brought in the county in which the crime, offense or trespass was committed or in the county in which the defendant or any of the several defendants reside *or may be found*, * * *." (Emphasis added.)

Defendant does not gainsay that this is an action in "trespass." Pride v. Superior Court, 87 Ariz. 157, 348 P.2d 924 (1960). However, defendant contends that he was not, in the sense of the subject statute, "found" in Pima county.

The undisputed facts of geography pertinent to this case as disclosed by the record are that the alleged tort was committed in Cochise county, the defendants are residents in Cochise county, and the defendants have no place of business nor temporary abode in Pima county. The sole contact of this case with Pima county is that the plaintiffs have filed suit there and the defendant-doctor has petitioned the court in Pima county that the action be removed to Cochise county. The voluntary appearance of the defendant has tended to speed up rather than delay this litigation.

■ Our purpose is to give effect to the intention of the legislature in enacting our statutes, and wherever possible this purpose is best served by giving words the meaning ordinarily ascribed to them. Among the common meanings of the word

**436**

"find" are "to meet with * * * accidentally"; "to come upon by seeking or by effort"; "to discover" and "to take hold of." Webster's New International Dictionary, Second Edition. These expressions themselves are less than precise and they tend to lose definiteness when applied to the mixed legal and factual situation at hand.

The Arizona venue statute was principally taken from Texas, Miles v. Wright, 22 Ariz. 73, 80, 194 P. 88, 91, 12 A.L.R. 970, 974 (1920), but the wording of this particular subparagraph varies from the .Texas version. It is interesting to note that the only provision of the Texas venue statute under which a defendant may be sued where he is found is a provision relating to "transient persons":

> "2. Transient persons.
>
> "A transient person may be sued in any county in which he may be found." Vernon's Ann.Civ.Stats., art. 1995, § 2.

■ Although we do not hold that the language of A.R.S. § 12–401, subsec. 10 to the effect that a defendant may be sued where he " * * * may be found * * *" is limited to transient persons, we are convinced that such language was included in our statute primarily to protect plaintiffs from the transient, and perhaps evasive, defendant.

■■ We hold that to be "found" in a county, as contemplated by this statute, means something more than making a voluntary appearance for the purpose of seeking a change of venue to the county of one's residence. Beyond this, we are unwilling to place upon the word "found" a static definition. We hold that it was within the sound discretion of the trial court to determine that these defendants were not "found" in Pima county under the circumstances of this case. The order transferring venue to Cochise county is affirmed.

KRUCKER, C. J., and HATHAWAY, J., concurring.