433 P.2d 634

**William C. SMITHERMAN, Petitioner,**

**v.**

**SUPERIOR COURT IN AND FOR the COUNTY OF PIMA, Respondent,**

**and**

**Roy J. Meyer, Real Party in Interest.**

**No. 8976–PR.**

Supreme Court of Arizona, In Banc.

Nov. 15, 1967.

Rees, Estes & Browning, by Donald Estes, Tucson, Gentry, McNulty & Toci, Bisbee, for petitioner.

R. Lamar Couser, Tucson, for real party in interest.

McFARLAND, Vice Chief Justice:

Petitioner William C. Smitherman, hereinafter referred to as Smitherman, is an attorney engaged in the practice of law,

with offices in Cochise County, Arizona. Respondent Roy J. Meyer, the real party in interest, hereinafter referred to as Meyer, employed Smitherman in Cochise County to file a civil action in Cochise County Superior Court against two defendants— the Grand International Brotherhood of Locomotive Engineers and the Southern Pacific Company. In that action, defendant Grand International Brotherhood of Locomotive Engineers secured a dismissal as to it. The other defendant Southern Pacific Company was successful in having the action against it transferred to the Federal District Court at Tucson, Arizona. The employment contract between Meyer and Smitherman in that action was negotiated in Cochise County.

Meyer brought a malpractice action in the Superior Court of Pima County against Smitherman in two counts. The first count alleged negligence by Smitherman in failing to appeal from the order of dismissal of the action against the Grand International Brotherhood of Locomotive Engineers. The second count alleged that after removal of the action to the United States District Court, Smitherman was negligent in failing to request a jury trial and in agreeing to postpone the trial indefinitely.

Smitherman, in the malpractice case, within the time allowed to answer, filed a motion supported by affidavit for a change of venue to Cochise County, on the grounds that his residence was in Cochise County, and that his representation of Meyer was in that county. The court, by ex parte order, extended the time to file opposition to the motion for the change of venue. Within the time so extended plaintiff filed an opposition to the change of venue, supported by affidavit and exhibits. Thereafter, the motion for change of venue was denied by the Superior Court of Pima County. Smitherman petitioned the Court of Appeals, Division 2, for a writ of certiorari. The court of appeals, in a decision of February 24, 1967, 5 Ariz.App. 170, 424 P.2d 461, affirmed the order denying the motion for change of venue. This Court granted a petition for review of the decision of the court of appeals for the purpose of passing upon the question of venue of the action.

■ Smitherman contends that the trial court's order extending the time to file opposition to the change of venue was invalid. We agree with that part of the decision of the court of appeals which holds that the order extending the time to respond to the motion for change of venue *was* valid.

The record shows that both Meyer and Smitherman are residents of Cochise County, and that Smitherman's employment and all of the acts set out in Count One took place in Cochise County. Meyer alleged, in Count Two, that Smitherman "wilfully and intentionally did not request a jury trial" in the Federal District Court at Tucson (Pima County), although he was asked to do so by Meyer. He further alleged that Smitherman, by informal stipulation in the federal district court, agreed to postpone the cause of action indefinitely, "with the result that plaintiff's [Meyer's] cause of action was uncommonly delayed in its prosecution, * * * *" Meyer contends the acts set out in Count Two were in Pima County.

In support of his allegation of indefinite postponement, Meyer attached a copy of a letter from Smitherman to William R. Denton, General Attorney for Southern Pacific Company, San Francisco, California, which read:

"Re: Meyer v. Southern Pacific Co. No. CIV 2107 Tucson, in The United States District Court For The District of Arizona (Your File: S–25071)

"Dear Bill:

"I advised Judge Walsh in Tucson by telephone today of our agreement to continue the pretrial hearing and trial dates of April 11, 1966, and April 22, 1966, pending the outcome of the arbitration proceedings.

"The Judge, on the basis of the call, indicated that he would vacate the pretrial

and trial dates and that no written stipulation would be necessary. He wishes to be kept advised, through me, of the status of the arbitration proceedings so that he can give us a new trial date at the appropriate time."

Since all of the acts alleged in Count One occurred in Cochise County, and since both defendants resided in Cochise County, there is no question but what, if this were the only count, the venue could not properly be laid in the Superior Court of Pima County. However, if Count Two states a cause of action in which Pima County has venue, then Meyer had the option of bringing the action in either Cochise County or Pima County. Ellsworth v. Layton, 97 Ariz. 115, 397 P.2d 450.

The facts alleged in Count Two show that the acts which Meyer contends gave Pima County venue of this case were the failure of Smitherman to request a jury trial in the Federal District Court located in Pima County, and his telephone conversation from Cochise County to the Judge of the U. S. District Court in Pima County. These allegations show that Smitherman was not present in Pima County at the time he is alleged to have committed the acts for which Meyer seeks to recover. The general rule regarding venue is stated in 92 C.J.S. Venue § 4, pp. 670–671, as follows:

"* * * The trend of modern authority is toward the proposition that an action is properly brought wherever the trial court has jurisdiction over the person of defendant and can award adequate relief in proceedings against him personally * * * [T]he general test of venue under our statutes looks to the residence of one of the parties; the place where the cause of action arose and the situs of the subject of action are, in most states, tests only in classes of cases which stand as exceptions, although broad ones, to the rule."

The statute in Arizona follows this general trend as stated in Corpus Juris Secundum. § 12–401, A.R.S., provides that:

"No person shall be sued out of the county in which he resides, except:

\* \* \* \* \* \*

"10. When the foundation of the action is a crime, offense or trespass for which an action in damages may lie, the action may be brought in the county in which the crime, offense or trespass was committed or in the county in which the defendant or any of the several defendants reside or may be found, * * *"

Subsection 10 is an exception to the general rule. It was taken from the Texas statutes. This statute was interpreted by the Texas court in the case of Hill v. Kimball, 76 Tex. 210, 13 S.W. 59, 7 L.R.A. 618 (1890), a case in which the defendant was sued for injury to plaintiff's wife because of acts committed by him in the yard of the plaintiff in a different county from that of his residence. The injury was in the nature of a trespass on the case. The court, in passing upon this question, stated:

"* * * Our statutes provide that no person who is an inhabitant of the state shall be sued out of the county of his domicile except in certain cases. Rev. St. art. 1198. Among the exceptions is the following: 'Where the foundation of the suit is some crime or offense or trespass for which a civil action in damages may lie, in which case the suit may be brought in the county where such crime or offense or trespass was committed, or in the county where the defendant has his domicile.' Rev.St. art. 1198, (Exception 8.) * * * But it still has a signification in law much more narrow than the first, and more enlarged than the second, meaning given, and embraces all cases where injury is done to the person or to property, and is the indirect result of wrongful force. Abb.Law Dict. 'Trespass.' In this last sense the word would include injuries to persons or property which are the result of the negligence of the wrong-doer, and it seems to us more in consonance with the purpose and spirit of the exception to hold that it was in this sense that it intended that the word

should be understood. We presume the exception was made in the interest of the injured party, and not of the wrongdoer; and we see no good reason why a distinction should be made between an injury resulting from intentional violence and one resulting from negligence. It occurs to us the consideration which induced the exception was that one who had been injured in his person or his property by the willful or negligent conduct of another should not be driven to a distant forum to get a redress of his wrongs. * * * If, as we think, the word 'trespass,' in our statute, was intended to embrace, not only actions of trespass proper, as known to the common law, but also actions of trespass on the case, it is clear that the action in this case was properly brought in Freestone county, and that the court had jurisdiction over the person of the defendant." 13 S.W. at 60.

The court thereby held that the cause of action was trespass within the meaning of the statute, and the suit was properly brought in the county where the trespass was committed. The facts show that the trespass was committed by the defendant while he was present in the county. In Ricker v. Shoemaker, 81 Tex. 22, 16 S.W. 645 (1891), the court cited Hill v. Kimball with favor. In a later case, Brooks v. Hornbeck, Tex.Civ.App., 274 S.W. 162, the court held that to constitute a trespass within the meaning of the exception there must be an "affirmative act."

In the case of Pride v. Superior Court, 87 Ariz. 157, 348 P.2d 924, we said:

"The courts of Texas (from which state our venue statutes were principally taken, see Miles v. Wright, 22 Ariz. 73, 81, 194 P. 88, 12 A.L.R. 970), on construing the meaning of the word 'trespass' in their similar venue statute, have declared:

"'* * * The rule which seems to have been adopted by our courts, as well as the courts of other states that have a venue statute similar to ours, is that a trespass within the contemplation of the

venue statute embraces not only actions of trespass proper, as known to the common law, but also *actions of trespass on the case* where an injury has been willfully, intentionally, or negligently done by one party to the person or property of another * * *.' (Emphasis supplied.) Crespi v. Wigley, Tex.Civ.App., 18 S.W. 2d 716, 717.

"See also, Houston Pilots v. Goodwin, Tex.Civ.App., 178 S.W.2d 308. And as more specifically related to automobile collisions, it was held in Prince v. Miller, Tex.Civ.App., 131 S.W.2d 1077, 1078:

"'The negligent operation of an automobile resulting in striking and injuring the person or property of another constitutes a trespass. * * *'

"See also, Hill v. Connors, Tex.Civ.App., 219 S.W.2d 587.

"We adopt the reasoning of the Texas courts in this matter and hold that the acts of affirmative negligence, charged in this tort action, supra, constitute a 'trespass' on the case within the meaning of our venue statute. Having reached this conclusion, our pronouncements in the Sulger case [Sulger v. Superior Court, 85 Ariz. 299, 337 P.2d 285, 70 A.L.R.2d 1336], supra, are controlling." 87 Ariz. at 161, 348 P.2d at 927.

We are of the opinion that in adopting the exception to the rule, the Arizona legislature intended that it would have a reasonable and workable meaning. In Pride v. Superior Court, supra, we adopted the reasoning of the Texas court, and held that an act of negligence charged in a tort action constitute a trespass on the case within the meaning of this section. It is clear from the facts of the case that we were speaking of acts performed by a defendant while present in the county.

Regardless of the language used by the Texas courts as a basis for holding that a trespass was within the exception in the venue statute, the decisions generally resulted in requiring the presence of a defendant in the county at the time of its

**508**

commission. The holdings indicate that this was one of the objectives. We do not doubt that by the use of the language "a crime, offense, or trespass" it was the intent to refer to the acts of a defendant while present in the county. One of the reasons for the exception was undoubtedly that it is usually more convenient for witnesses, and for the ascertainment of the facts by the court. In our opinion, this interpretation is both reasonable and workable.

■ We hold that a defendant must have been present in the county at the time of the commission of the "trespass" before venue can be laid in that county.

■ The allegations of the complaint and of the affidavit resisting the motion to change venue show that defendant was not present in Pima County at the time of the alleged acts of trespass; therefore, we hold that it was the duty of the trial court to transfer the case to Cochise County. The other matters contained in Meyer's affidavit may be presented to the trial court in a motion to change venue for cause, after the case is transferred to Cochise County.

That portion of the Court of Appeals opinion pertaining to venue is hereby vacated. The judgment of the lower court·is reversed, and the case ordered transferred to Cochise County.

BERNSTEIN, C. J., and STRUCK-MEYER, UDALL, and LOCKWOOD, JJ., concur.