634 P.2d 403

**Ronald ALMADOVA, Petitioner,**

v.

**The Honorable Jack T. ARNOLD, Judge of the Superior Court of Arizona, Pima County; and Bob Lewis Porsche-Audi, a partnership, Real Party in Interest, Respondents.**

**No. 2 CA–CIV 4081.**

Court of Appeals of Arizona, Division 2.

Sept. 22, 1981.

Combs, Stone & Wright, P. C., Phoenix by Christopher A. Combs, Ronald A. Kershaw, Jr., Phoenix, for petitioner.

William J. Redondo, Tucson, for respondent real party in interest.

OPINION

BIRDSALL, Judge.

 Petitioner has brought this special action to challenge the respondent court's denial of his motion for a change of venue. Venue rulings are appropriately reviewable by special action. *Haley v. Cochise County Hospital*, 27 Ariz.App. 484, 556 P.2d 332 (1976); *Campbell v. Deddens*, 21 Ariz.App. 295, 518 P.2d 1012 (1974). Because we believe the respondent court abused its discretion, we assume jurisdiction and grant relief.

Petitioner is a defendant, along with the assistant director of the Arizona Department of Transportation, in a lawsuit filed by the real party in interest, a Tucson automobile dealership which we will refer to as Porsche-Audi. The complaint alleges that petitioner, a resident of Maricopa County, has possession of a certain 1979 Porsche automobile and that he knew or should have known that he was not entitled to possession or title to the automobile. Petitioner filed a motion for change of venue accompanied by a supporting memorandum and his affidavit which maintains: (a) that he is a resident of Maricopa County; (b) that he was served with process in Maricopa County; (c) that he is the owner of the automobile which he has purchased and possesses in Maricopa County and which has remained continuously in Maricopa County since he acquired it; and (d) that he was not present in Pima County when any of the acts alleged in the complaint occurred.

The opposition to the motion for change of venue was accompanied by an affidavit of the attorney for the automobile dealership. The attorney alleges that one Mark Davis, dba Specialty Leasing Corp., fraudulently obtained possession of the automobile and that no documents of title to the automobile were issued to Davis due to the failure of Davis to complete the contract of sale. The affidavit further states that the petitioner received possession of the automobile from Davis as security for a previous debt.

Under A.R.S. § 12–401, "No person shall be sued out of the county in which he resides." The statute enumerates nineteen exceptions and unless it is shown that a lawsuit falls within one of the exceptions, venue is only proper in the county of the defendant's residence. *Brown v. Superior Court*, 2 Ariz.App. 434, 409 P.2d 593 (1966). Porsche-Audi's support for Pima County venue is based on A.R.S. §§ 12–401(10) and 12–401(5). Since the complaint was in replevin based on conversion and since A.R.S. §§ 12–401(10) states that when the foundation of a lawsuit is a crime, offense or trespass for which an action in damages may lie, it claims venue would be proper in

the county in which the wrongful act occurred. It further claims that the conversion occurred in Pima County and since the deprivation of the automobile is of a continuing nature, venue in Pima County is proper.

Porsche-Audi also cites A.R.S. § 12–401(5), which states that a person who has contracted in writing to perform an obligation in one county may be sued in that county. It argues that since there was a contract for sale of the motor vehicle made in Pima County between it and Davis, petitioner cannot be in any better position than his assignor, thus venue would be proper in Pima County. We disagree with both contentions.

As to the first argument, the complaint does not allege that any act of conversion was committed by anyone in Pima County. Even assuming arguendo a conversion occurred in Pima County, nothing connecting petitioner with such conversion is alleged. This, at least, would be necessary to lay proper venue in a suit against petitioner.

In regard to A.R.S. § 12–401(5), assuming arguendo a contract exists, no claim based upon contract is made against petitioner. Neither the complaint nor the affidavit submitted by Porsche-Audi alleges the existence of any contract between Porsche-Audi and petitioner. Nor is there an allegation that petitioner and Davis were related in any contractual way to obligate petitioner to render performance under any contract in Pima County.

The order denying the motion for change of venue is vacated and the respondent court is instructed to order the cause transferred to Maricopa County.

HATHAWAY, C. J., and HOWARD, J., concur.