684 P.2d 177

David ZUCKERNICK, Hester Zuckernick
and International Solar Marketing,
Inc., Petitioners,

v.

The Honorable Robert O. ROYLSTON,
Judge of the Superior Court of
Pima, Respondent,

and

SUNWEST SOLAR SYSTEMS, INC., et
seq., Real Parties in Interest.

No. 2 CA–SA 0080.

Court of Appeals of Arizona,
Division 2.

June 22, 1984.

Messing & Glicksman, P.C. by Elliot
Glicksman, Tucson, for petitioners.

John G. Thomas by John N. Savage,
Scottsdale, for real parties in interest.

OPINION

HOWARD, Judge.

Petitioners have brought this special action to challenge the respondent court's transfer of their lawsuit from Pima County to Maricopa County. Venue rulings are appropriately reviewable by special action. *Almadova v. Arnold*, 130 Ariz. 115, 634 P.2d 403 (App.1981); *Haley v. Cochise County Hospital*, 27 Ariz.App. 484, 556 P.2d 332 (1976). While it is true that appellate courts will not generally interfere with a venue ruling, *Floyd v. Superior Court*, 125 Ariz. 445, 610 P.2d 79 (1980), we believe the trial court exceeded

its jurisdiction and therefore assume jurisdiction and grant relief.

Petitioners' complaint filed in Pima County Superior Court alleges, inter alia, that petitioners and real parties in interest entered into an agreement whereby the latter, a Phoenix corporation and its directors, were to be the exclusive distributors of solar units manufactured by petitioners. The complaint alleges that petitioners were defrauded by the real parties in interest and that the real parties in interest are liable for breach of contract and conversion of the petitioners' property. The real parties in interest's motion for change of venue was granted by the respondent court on the grounds that "all of the defendants are residents of Maricopa County."

■ A.R.S. § 12–401 provides that, subject to the 19 exceptions stated therein, "[n]o person shall be sued out of the county in which such person resides." Unless it is shown that a lawsuit falls within one of the exceptions, venue is proper only in the county of the defendant's residence. *Brown v. Superior Court*, 2 Ariz.App. 434, 409 P.2d 593 (1966). Under A.R.S. § 12–401(10) an action based on a trespass may be brought in the county in which the trespass was committed or in the county in which the defendant or any of several defendants may be found. Trespass has been long construed to mean "tort." *Jackson v. Superior Court*, 23 Ariz.App. 361, 533 P.2d 572 (1975). Therefore, an action for the tort of conversion, as alleged in Count IV of petitioners' complaint, may be properly brought in the county where the conversion occurred. *Almadova v. Arnold*, supra, *Jackson v. Superior Court*, supra. It has been held that, where venue may lie in several alternative counties under permissive "may" exceptions of the venue statute, the plaintiff can exercise his choice as to the proper county. *Massengill v. Superior Court*, 3 Ariz.App. 588, 416 P.2d 1009 (1966).

■ Although only one of the seven counts clearly alleges a tort occurring in Pima County, since venue is proper as to that count, it is proper as to the entire complaint. *Ellsworth v. Layton*, 97 Ariz. 115, 397 P.2d 450 (1964). See also, *Smitherman v. Superior Court*, 102 Ariz. 504, 433 P.2d 634 (1967), wherein our supreme court stated:

"Since all of the acts alleged in Count One occurred in Cochise County, and since both defendants resided in Cochise County, there is no question but what, if this were the only count, the venue could not properly be laid in the Superior Court of Pima County. However, if Count Two states a cause of action in which Pima County has venue, then Meyer had the option of bringing the action in either Cochise County or Pima County. *Ellsworth v. Layton*, 97 Ariz. 115, 397 P.2d 450." 102 Ariz. at 506, 433 P.2d 634.

The real parties in interest point to this court's opinion in *Campbell v. Deddens*, 21 Ariz.App. 295, 518 P.2d 1012 (1974) and argue that it supports the respondent court herein. However, in *Campbell* we were dealing with A.R.S. § 12–401(16), a mandatory exception to the general venue rule that actions against public officers *shall* be brought in the county in which the officer holds office. As referred to in our opinion, 92 C.J.S. Venue § 70 states:

"If the venue of one of the causes of action is expressly prescribed by a mandatory statute, the suit must be tried in the county so designated, and plaintiff may maintain a second cause of action in the same suit in the designated county, although the second cause of action, if asserted in a separate suit, could not be so maintained. [footnotes omitted]."

*Campbell* is not on point while *Ellsworth v. Layton*, supra, is. In that case, as in the instant one, a plaintiff was faced with the option of proper venue in more than one county and not with mandatory venue in one particular county. Here, the action was properly brought in Pima County since the conversion count alleges facts which, if true, give rise to venue in Pima County even though the action could have been brought in Maricopa County where the real parties in interest reside. Once an action has been brought in the proper county, the

court has no jurisdiction to change the venue. *Pride v. Superior Court*, 87 Ariz. 157, 348 P.2d 924 (1960).

 The order of the respondent court transferring the case to Maricopa County is vacated. The motion of the real parties in interest to dismiss the special action for failure to include an indispensable party is denied, since the motion is being raised for the first time in this court and the purpose of a special action is to provide for extraordinary relief where the trial court has already acted. Rule 3, Rules of Procedure for Special Actions, 17A A.R.S.

BIRDSALL, C.J., and HATHAWAY, J., concur.