## MANFORD v. SAENZ.

### No. 10094.

Court of Civil Appeals of Texas. San Antonio.

June 30, 1937.

Rehearing Denied July 28, 1937.

Brooks, Napier, Brown & Matthews and Clinton G. Brown, Jr., all of San Antonio, for appellant.

G. Woodson Morris, of San Antonio, for appellee.

SLATTON, Justice.

Dr. D. Saenz filed suit in the justice's court of Bexar county, Tex., upon an alleged written contract performable in Bexar county, to which action T. D. Manford, who resides in Gonzales county, duly filed his plea of privilege. After a hearing, the justice's court overruled the plea. T. D.

Manford appealed to the county court at law No. 2, and after a hearing his plea was there overruled, from which action he duly perfected an appeal to this court.

The trial court filed findings of fact and conclusions of law. The appellant complains, in effect, that such findings are without support in the evidence.

The appellee claims the right to sue appellant in the county other than the county of his residence under subdivision 5 of article 1995, R.C.S. 1925 (as amended by Acts 1935, c. 213, § 1 [Vernon's Ann.Civ.St. art. 1995, subd. 5]).

The only evidence in support of a written contract was as follows, to wit:

"Q. Tell us as near as you can what that letter contained—in your own words. A. I just wrote Mr. Manford and told him this letter confirms our phone conversation of last night wherein we took between three and four hundred pullets, FOB Smiley, these chickens to be the same quality as those delivered to Mr. Gillis.

"Q. Was anything said about delivery at San Antonio? A. They were supposed to be shipped to San Antonio and the price was FOB Smiley."

This evidence was given by a Mr. Voight, who was acting as the agent for Dr. Saenz. The appellant denied having received such a letter.

Subdivision 5, of article 1995, R.C.S. 1925, was amended effective May 11, 1935 (Vernon's Ann.Civ.St. art. 1995, subd. 5), and reads as follows, to wit:

"*Contract in Writing.*—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

The contract in suit was made on or about the 29th day of August, 1935. Both parties to this appeal cite many cases which construe subdivision 5 of article 1995 of our venue statutes, prior to the amendment. Before the amendment it seems to have been the rule that where it could be reasonably implied from the writing that the contract was performable in a particular county, other than the county of the residence of the defendant, that venue could be maintained at the place of performance of the contract, even though the contract did not so expressly provide.

However, as subdivision 5 now reads, the evidence in this cause wholly fails to show a contract in writing in which a particular county is expressly named, nor does it show a definite place therein. Therefore, subdivision 5, as now amended, requires the proof of a contract in writing which designates a particular county for its performance, or a definite place in a particular county, or else the right to sue in a county other than the defendant's residence cannot be sustained.

Accordingly, the order of the trial court overruling appellant's plea of privilege to be sued in the county of his residence, to wit, Gonzales county, will be here reversed and judgment here rendered that the venue of this case be changed from Bexar county to precinct No. 8, Gonzales county, Tex., and the justice of the peace of precinct No. 1 of Bexar county is hereby instructed to transfer such case, as aforesaid, in accordance with law.