429 P.2d 493

**Dorothy Ruth BLAKELY, Petitioner,**

v.

**SUPERIOR COURT OF PIMA COUNTY.**
**Honorable Norman S. Fenton, a**
**Judge thereof, Respondents,**

and

**First National Bank of Arizona, a national**
**banking association, the Real Par-**
**ty in Interest.**

**No. 2 CA–CIV 379.**

Court of Appeals of Arizona.

June 21, 1967.

Carson, Messinger, Elliott, Laughlin & Ragan, by G. Wayne McKellips, Jr., Phoenix, for petitioner.

Whitehill, Feldman, Scott & Berger, by James C. Carruth, Tucson, for respondents and real party in interest.

KRUCKER, Judge.

This is a petition for a writ of certiorari to review an order of the Superior Court of Pima County, denying a motion for change of venue. The action involved was brought by the First National Bank of Arizona (real party in interest) against A. Monroe Blakely and Dorothy Ruth Blakely upon a "continuing guaranty" of an indebtedness of Apache Airlines of Arizona, Inc., in Pima County. At the time the guaranty was signed by the Blakelys, they were married, but they are now separated and a divorce action is pending. At the time the original complaint was filed, Mrs. Blakely was separated from her husband. Service was obtained against A. Monroe Blakely on January 25, 1966, and judgment was taken against him on October 11, 1966. Mrs. Blakely was not served until December 8, 1966, after which she moved the Superior Court of Pima County for change of venue under A.R.S. § 12–401 (as amended).

Mrs. Blakely based her claim for change of venue upon the language of the statute which stipulates that a defendant must be sued in the county of his residence. The Bank countered by arguing that, under subsection 5 of that statute, "Persons who have contracted in writing to perform an obligation in one county may be sued in such county or where they reside." The

**2**

contract of guaranty did not set forth a place for performance, so the trial judge permitted the introduction of an affidavit alleging that the place for performance of the contract was to be Pima County. Upon this affidavit, the court denied the motion for change of venue.

It is claimed by the petitioner that the admission of parol evidence is improper to ascertain the place of performance of a written contract because, under the statute, the place of performance must appear on the face of the writing; and that, therefore, the trial judge abused his discretion in refusing to grant her motion.

The only question we have to determine is whether it is necessary to include in the provisions of a written contract a recitation of the place for performance in order to bring it within A.R.S. § 12–401(5), or whether such information can be obtained by reference to extrinsic evidence.

█ A contract of guaranty would appear to come within the category of written obligations envisaged by this and similar statutes. 92 C.J.S. Venue § 14e.

The nearest Arizona case to which we have been cited is Ellsworth v. Layton, 97 Ariz. 115, 397 P.2d 450 (1964). In that case, the propriety of considering affidavits to prove place of performance was not passed upon by the Arizona Supreme Court. It was held that the trial court's denial of change of venue was proper where, although there were such affidavits introduced, the " * * * amended complaint specifically alleges that the obligation set forth in the instrument in writing was to be performed in Graham County, Arizona." 97 Ariz. 115, 119, 397 P.2d 450, 452.

█ Having no controlling case in Arizona we turn to the law of Texas from which we took our venue statute in 1901 in virtually identical form.[1] When a statute is adopted from another state there is a presumption that it was adopted with

the construction previously given to it by the courts of that state. Elias v. Territory, 9 Ariz. 1, 76 P. 605, 11 Ann.Cas. 1153 (1904); Fertig v. State, 14 Ariz. 540, 133 P. 99 (1913); Cameron v. Shuttleworth, 75 Ariz. 61, 251 P.2d 659 (1953); In re Estate of McConnell, 101 Ariz. 538, 421 P.2d 895 (1966).

The Texas cases which were decided previous to Arizona's adoption of the Texas venue statute generally held that the provision permitting action to be brought in the county where the defendant had contracted in writing to perform required the place of performance to be stated, either expressly or by necessary implication.[2] Cohen v. Munson, 59 Tex. 236 (1883); Lindheim v. Muschamp, 72 Tex. 33, 12 S.W. 125 (1888). The Texas cases decided between 1901 and 1935 generally followed the same rule. Burrus v. Griffin, 49 S.W. 2d 902 (Tex.Ct.Civ.App.1932); Manford v. Saenz, 107 S.W.2d 1048 (Tex.Ct.Civ.App. 1937).

The modern Texas statute requires the contract to expressly name the county of performance in order to bring it within the general rule of suing a defendant in his county of residence. Title 42, Art. 1995, Vernon's Texas Civil Statutes, Anno. This is a desirable development in the law because it requires, if the parties feel that a particular place is essential to the performance of their legal obligations, that they shall so state. It is reasonable to assume that if no such explicit mention is made, the parties did not deem it to be of vital importance. In the instant matter there is neither an express place of performance, nor is there any necessary implication revealed by the language of the instrument.

█ We hold that since, as a matter of law, parol evidence should not be considered to bring a contract within subsection 5 of A.R.S. § 12–401, the trial court should

---

1. See Historical Note to A.R.S. § 12–401; 1 Batts' Anno.Civil Statutes of Texas, Vol. I, Art. 1194(5) p. 649 (1895).

2. There were occasional aberrations from this rule, a condition which led to the statute's amendment in 1935.

have granted the motion of the defendant Dorothy Ruth Blakely for change of venue. Accordingly, the order of the trial court denying a change of venue is set aside, and we direct that this action be transferred to the Superior Court of Maricopa County.

Reversed and remanded.

HATHAWAY, C. J., and JACK G. MARKS, Superior Court Judge, concur.

NOTE: Judge JOHN F. MOLLOY, having requested that he be relieved from consideration of this matter, Judge JACK G. MARKS was called to sit in his stead and participate in the determination of this decision.