**HYDROSTATIC ENGINEERS, INC.,**
Appellant,

v.

**RAPID SERVICE, INC., Appellee.**

No. 6011.

Court of Civil Appeals of Texas.

El Paso.

March 26, 1969.

Rehearing Denied April 23, 1969.

Haynes & Fullenweider, Donn C. Fullenweider, Houston, for appellant.

Turpin, Smith, Dyer, Hardie & Harman, Lawrence L. Fuller, Odessa, Max Osborn, Midland, for appellee.

## OPINION

FRASER, Chief Justice.

This is an appeal from an order of the District Court of Ector County, Texas overruling appellant's plea of privilege to have the case removed from the District Court of Ector County to the District Court of Harris County.

Appellant presents two points of error which are as follows:

"FIRST POINT OF ERROR

"THE TRIAL COURT ERRED IN HOLDING THAT SUBD. 5, ART. 1995, V.A.T.S., WAS APPLICABLE TO SUSTAIN VENUE IN ECTOR COUNTY, TEXAS.

"SECOND POINT OF ERROR

"THE TRIAL COURT ERRED IN HOLDING THAT ANY OTHER EXCEPTION TO ART. 1995, V.A.T.S., WAS APPLICABLE TO SUSTAIN VENUE IN ECTOR COUNTY, TEXAS."

The plaintiff-appellee brought suit against the appellant alleging damages for breach of contract and/or recovery of a sum of money deposited in the American Bank of Commerce, Odessa, Texas. In the lower court the plaintiff-appellee maintained that it and the defendant-appellant had entered into a contract whereby the appellant warranted to the appellee that it was licensed, with authority to sub-license and grant franchises on certain equipment used for pipe testing and other petroleum services, and further warranted that it would supply such tools and parts for carrying out the operations which the appellee was to conduct by the use of such equipment. Under the terms of the contract, appelleee received an exclusive franchise to use the equipment which it was to obtain from the appellant in a territory covering practically all of West Texas and eastern New Mexico. Ector County is within this territory. Appellee was to agree to pay a fifteen per cent royalty to appellant for the use of the licensed equipment, with certain minimum and maximum figures provided. After the granting of the exclusive franchise, appellant opened a bank account in Odessa, Texas, which is the county seat of Ector County, in which the appellee has deposited to the appellant's account as royalties under the contract the sum of $105,-489.15. Appellee contends that its only place of business was in Ector County, and that appellant was to furnish it a patented tool to be used in testing tubing in the oil fields. It further testified that an officer of the appellant helped to equip a competitor, in breach of the agreement, and that he had requested that appellant prohibit the use of such equipment where he had an exclusive franchise without obtaining any results.

We think the court acted correctly in denying the plea of privilege, for the following reasons. Appellee's suit shows upon its face that it is a suit for breach of contract, and Ector County is one of the counties in which appellee had an exclusive franchise for the services above described. It is further in evidence that, although appellant warranted that it was licensed to patent applications to sub-license and grant certain franchises, that the patent applications themselves were eventually denied. We feel that subdivision 5, Article 1995, Vernon's Ann.Tex.Civ.St., is applicable to this particular controversy. As pointed out in Lawrence v. Continental Fire & Casualty Ins. Corp., Tex.Civ.App., 203 S.W.2d 967 (n. w. h.), the test of the applicability of subdivision 5 is whether by the writings between them, the one sought to be charged has plainly agreed to perform in the particular county of the suit. Here, it is clear from the record that appellant had agreed to perform in this particular county, along with the others. In Tyson v. Seaport Grain, Inc., Tex.Civ.App., 388 S.W.2d 731 (1965, wr. dism.), the court points out that the provisions of subdivision 5 do not necessarily mean that the county or place is to be designated by name, but that it is sufficient

if, when the contract is read from its four corners, it clearly shows that the venue of performance lies in such county; and, as we have pointed out, the boundaries of the exclusive franchise clearly include Ector County. As we have stated, appellee's only place of business was in Ector County; it had deposited the aforesaid sum of money in the bank in the county seat of said county, and is seeking to recover such sum of money. We think, therefore, that subdivision 5 is applicable and does control. Appellant's first point is accordingly overruled.

■■■ With regard to the second point, we think the court was correct in holding that venue could be maintained in Ector County, Texas under subdivision 23 of Art. 1995, V.A.T.S. It is not contested that both parties are domestic corporations of Texas, and appellant acknowledged that the contract was executed by its President. Appellee here seeks to recover the money paid in, not only as damages for appellant's breach of contract, but as recovery of the royalties paid by appellee and which should be returned. Again we point out that appellant did not obtain the patents as it had warranted to do in the contract between the parties. Under the provisions of subdivision 23 of the venue statute, suit may be brought against a domestic corporation in the county in which the cause of action, or part thereof, arose, and one of the grounds upon which venue may be maintained under this subdivision is in a suit for breach of warranty, which suit consists of the contract, its breach and the right and injury thereto. T. L. James & Company v. Waldrep, 385 S.W.2d 866 (Tex. Civ.App., 1965, n. w. h.); Josey Miller Company v. Wilson, 384 S.W.2d 231 (Tex. Civ.App., 1964, n. w. h.); Drexler v. Architectural & Commercial Sales, 375 S.W.2d 550 (Tex.Civ.App., 1964, n. w. h.). As pointed out in Appell Petroleum Corp. v. G. W. Townsend Lease Serv., 375 S.W.2d 547 (Tex.Civ.App., 1964, n. w. h.), it is the duty of the appellate court to examine the testimony in the light most favorable to the trial court's decision and to indulge every reasonable inference in support of the judgment. It is not contested that appellant acknowledged that the aforementioned sum had been deposited to its account in the American Bank of Commerce, Odessa, Texas, which is the county seat of Ector County, the county in which this suit is filed. It was the appellant who opened the account containing all the funds involved, in Odessa, Ector County, Texas, thereby setting up the place of payment which was adhered to by all parties until this lawsuit stopped all payments. Therefore, by making such payments in Ector County, a part of the cause of action to recover funds arose in that county within the meaning of the subdivision of the venue statute. Further, the proof is uncontested that Ector County was one of the counties in which appellee was to have an exclusive franchise from the appellant, and was the principal place of business of the appellee.

Therefore, in our opinion the appellee, by its proof, established conclusively its suit against the appellant upon a written contract entered into with the appellant which required that the appellant perform the terms thereof in Ector County, Texas. The proof established that the appellant had not protected the appellee's rights under the terms of the contract, but had permitted competition; that it had not received the patent that it warranted it had at the time of the contract, but has received the aforesaid sum of $105,489.15 in benefits thereunder, which was paid to the appellant in Ector County, Texas. Appellee was seeking to recover money which it alleged it wrongfully paid in Ector County to the appellant, and alleges that Ector County is not only one of the counties included in the exclusive area granted by appellant, but is the county where appellee maintains its place of business and base of operations. This proof, in our opinion, authorized the trial court to sustain venue in Ector County under the provisions of subdivisions 5 and 23 of the venue statute. This, with our duty to indulge the presumption and infer-

ences required by law in favor of the judgment, convinces us that the trial court acted correctly in its decision.

For these reasons appellant's two points of error are overruled and the decision of the trial court affirmed.