**CHURCH'S FRIED CHICKEN, INC., Appellant,**

v.

**JIM DANDY FAST FOODS, INC., Appellee.**

**No. 1957.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Nov. 8, 1978.

Hugh Rice Kelly, Robert J. Malinak, Richard S. Siluk, David M. Lacey, Baker & Botts, Houston, Robert W. Alexander, McLeod, Alexander, Powel & Apffel, Galveston, for appellant.

Preston Shirley, Mills, Shirley, McMicken & Eckel, Galveston, John L. Murchison, Vinson & Elkins, Houston, for appellee.

CIRE, Justice.

This is an appeal from a denial of a plea of privilege. Appellant Church's Fried Chicken, Inc. is a Texas corporation headquartered in San Antonio, Bexar County. Appellee Jim Dandy Fast Foods, Inc. brought this declaratory judgment suit to interpret a contract executed in 1966 by the predecessors of the two parties. We affirm the trial court's ruling.

The contract in question gave Jim Dandy the right to do business as "Church's Fried Chicken" in an area delineated as follows:

All that territory within a radius of fifty (50) miles of the City Hall of the City of Houston, Texas, and all territory included in the City Limits of the City of Galveston, Texas.

A dispute over the duration of this right resulted in Jim Dandy's seeking a declaratory judgment to interpret this aspect of the contract.

The suit was instituted in Galveston County. Church's filed a plea of privilege to be sued in Bexar County. The plea was controverted by Jim Dandy on a number of grounds; however, all grounds other than section 5(a) of Article 1995 were eliminated by stipulation of the parties after the trial judge indicated that he would rule in favor of appellee based on that section. As a result we are concerned on this appeal only with section 5(a).

Article 1995, section 5(a), Tex.Rev.Civ. Stat.Ann., states:

5. Contract in writing.—(a) . . . if a person has contracted in writing *to perform an obligation in a particular county,* expressly naming such county, or

a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile. (emphasis added).

Venue under this section is determined not by the place where the plaintiff is to perform, but by the place where the contractual obligation sued upon requires the defendant to perform. *LeFors v. Finkner*, 448 S.W.2d 574 (Tex.Civ.App.—Tyler 1969, no writ).

■ In its first point of error appellant contends that Church's did not contract to perform an obligation in Galveston County. According to appellant, the language of the contract, specifically the use of the present tense ("Church's has and . . . does grant . . . .") indicates that the granting, and hence Church's obligation, was completed at the time of the signing of the contract. Accordingly, appellant argues, the grant was not a pending obligation performable in Galveston County.

Appellant has incorrectly analyzed the nature of the transaction. This was not an accomplished sale of the Church's trademark. On the contrary, Church's has a continuing obligation to allow Jim Dandy the undisturbed *use* of the mark for the duration of the contract. At the termination of the contract its obligation will cease. If Church's now were to withdraw the right to use the name it would be breaching an ongoing and current obligation owed to Jim Dandy. For this reason it cannot be said that Church's obligation was completed at the time the contract was signed.

Further, Church's contracted to allow the use of the trade mark in Galveston County. It follows that Church's owes an obligation to Jim Dandy which by its express terms is performable in Galveston County. Accordingly appellant's first point of error is overruled.

■ In its second point of error appellant argues that section 5(a) is intended to cover only those situations wherein performance of the contract is possible in a *single* expressly named county. Thus appellant contends that since the contract in question is to be performed in an area involving twelve counties, section 5(a) has no applicability to this case. We do not agree.

The El Paso Court of Civil Appeals faced a similar argument in *Hydrostatic Engineers v. Rapid Service*, 439 S.W.2d 866 (Tex.Civ.App.—El Paso 1969, writ dism'd). There appellee received a franchise to use certain equipment in a territory covering most of West Texas and eastern New Mexico. Suit was brought on the contract in Ector County, which was included in this area. In upholding the trial court's denial of the plea of privilege the appellate court stated:

[T]he test of the applicability of subdivision 5 is whether by the writings between them, the one sought to be charged has plainly agreed to perform in the particular county of the suit. Here, it is clear . . . that appellant had agreed to perform in this particular county, along with the others.

439 S.W.2d at 867.

The contract in the instant case gave appellee the exclusive right to use the name "Church's Fried Chicken" in a specifically defined area, including "all territory included in the City Limits of the City of Galveston, Texas." A definite place in Galveston County was thus expressly stated in the written contract as a place of performance of the obligation, *Tyson v. Seaport Grain*, 388 S.W.2d 731 (Tex.Civ.App.—Corpus Christi 1965, writ dism'd), and accordingly venue is proper in such county under section 5(a).

Appellee cites a number of cases in support of its position that a single county is contemplated by the statute. *Great Western Loan and Trust Co. v. Montgomery*, 376 S.W.2d 92 (Tex.Civ.App.—Austin 1964, writ dism'd); *Albin v. Hughes*, 304 S.W.2d 371 (Tex.Civ.App.—Dallas 1957, no writ); *Southwestern Investment Co. v. Shipley*, 400 S.W.2d 304 (Tex.Sup.1966). These cases are not controlling here, since each dealt with a single obligation performable in one of two or more alternative locations at the option of one party. It was this optional

feature which rendered the place of performance uncertain. We have no such situation before us. The parties entered into a written contract, the terms of which required appellant to perform in Galveston County. There is no uncertainty that performance is to occur in such county. Appellant's second point of error is overruled.

Affirmed.