617 P.2d 1171

R. C. MORGENSEN, a single man, Petitioner,

v.

The **SUPERIOR COURT OF PIMA COUNTY, Arizona, and the Honorable Robert Roylston, Respondent,**

and

**Mandelberg Investment Company, Inc., an Arizona Corporation, Real Party in Interest.**

No. 2 CA–CIV 3707.

Court of Appeals of Arizona, Division 2.

Sept. 29, 1980.

**2.** A.R.S. §§ 28 644 and 28 645.

Ronald W. Meyer and Patricia Finley, Phoenix, for petitioner.

Thikoll, Johnston & Rosen, Tucson, by Edith A. Croxen, for real party in interest.

## OPINION

HATHAWAY, Chief Judge.

Petitioner, a resident of Maricopa County, is the defendant in a lawsuit pending in Pima County. A motion for change of venue to the county of his residence was denied by the respondent court. As venue rulings are reviewable by special action in appropriate cases, we assume jurisdiction. *Wallen v. Jacobson,* 18 Ariz.App. 558, 504 P.2d 499 (1972).

Real party in interest, Mandelberg, filed a complaint in Pima County Superior Court against petitioner seeking damages for breach of a listing agreement. Petitioner filed a timely motion for change of venue, supported by an affidavit of his attorney stating that petitioner is a resident of Maricopa County. The affidavit of Mandelberg's attorney, in opposition to the motion, stated that Mandelberg's principal place of business was in Pima County and that the listing agreement involved "had its situs in Pima County, Arizona, when accepted by the broker." His supporting memorandum relied upon A.R.S. Sec. 12–401(5), which provides:

> "Persons who have contracted in writing to perform an obligation in one county may be sued in such county or where they reside."

Mandelberg's position was that the listing agreement was to be performed in Pima County and therefore venue was appropriately laid in such county. The respondent court directed that the listing agreement and the contract for the sale of real estate be filed and Mandelberg's attorney complied. Petitioner's motion for change of venue was subsequently denied. We have reviewed both documents and find them completely silent on the subject of where the brokerage commission was to be paid by petitioner to Mandelberg. Our venue statute permitting venue of an action in the county of the place of performance has been construed as not requiring such county to be specifically named in the contract, if such place of performance may be found by implication. *Miller Cattle Co. v. Mattice,* 38 Ariz. 180, 298 P. 640 (1931); *Tribolet v. Fowler,* 77 Ariz. 59, 266 P.2d 1088 (1954).

In *Blakely v. Superior Court of Pima County,* 6 Ariz.App. 1, 429 P.2d 493 (1967), we specifically held that parol evidence cannot be considered to bring a contract within A.R.S. Sec. 12–401(5). The test of whether subsection (5) applies is whether by the writings between them, the one sought to be charged has plainly agreed to perform in the county where the suit is filed. *Hydrostatic Engineers, Inc. v. Rapid Service, Inc.,*

439 S.W.2d 866 (Tex.Civ.App. 1969). The determining factor is not whether the contract requires the plaintiff to perform in the county of suit, but whether it requires the defendant to so perform. *Jeter–Millar Co. v. Kasch Bros., Inc.*, 466 S.W.2d 598 (Tex.Civ.App. 1971).

 We find nothing in either the listing agreement or the contract which expressly or by implication points to Pima County as the place for petitioner's performance of his agreement to pay a real estate commission. Under these circumstances, petitioner must be sued in his county of residence. *Martin v. McKenzie*, 242 S.W.2d 960 (Tex.Civ.App. 1951).

The order of the respondent court denying petitioner's motion for change of venue is hereby vacated with directions to enter an appropriate order of transfer.

HOWARD and RICHMOND, JJ., concur.