IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

_____

**THE BUTLER LAW FIRM, PLC; EVERETT S. BUTLER; MATTHEW D. WILLIAMS,**
*Petitioners,*

*v.*

**THE HONORABLE ROBERT J. HIGGINS, JUDGE OF THE SUPERIOR COURT OF
THE STATE OF ARIZONA, IN AND FOR THE COUNTY OF NAVAJO,**
*Respondent Judge,*

**WINSLOW MEMORIAL HOSPITAL, INC., D/B/A LITTLE COLORADO MEDICAL
CENTER,**
*Real Party in Interest.*

_____

No. CV-17-0119-PR
Filed February 22, 2018

_____

Special Action from the Superior Court in Navajo County
The Honorable Robert J. Higgins, Judge
No. CV 2016-00034
**REVERSED and REMANDED**

_____

Order of the Court of Appeals, Division One
No. 1-CA-SA 17-0073
Filed Mar 23, 2017

_____

COUNSEL:

Anthony S. Vitagliano (argued), Robert B. Zelms, Manning & Kass, Ellrod,
Ramirez, Trester LLP, Phoenix, Attorneys for The Butler Law Firm, PLC,
Everett S. Butler, Matthew D. Williams

Randall Yavitz, Isabel M. Humphrey, Hunter, Humphrey & Yavitz, PLC,
Phoenix; and James E. Ledbetter (argued), Jared R. Owens, The Ledbetter
Law Firm, P.L.C., Cottonwood, Attorneys for Winslow Memorial Hospital,
Inc. d/b/a Little Colorado Medical Center

_____

JUSTICE BRUTINEL authored the opinion of the Court, in which CHIEF
JUSTICE BALES, VICE CHIEF JUSTICE PELANDER, and JUSTICES
TIMMER, BOLICK, GOULD, and LOPEZ joined.

_____

JUSTICE BRUTINEL, opinion of the Court:

**¶1**        Winslow Memorial Hospital ("Hospital") filed this legal-malpractice action in the Superior Court of Navajo County against Butler Law Firm, PLC ("BLF"), a professional limited liability company ("PLLC") organized in Maricopa County, and against attorneys Everett S. Butler and Matthew D. Williams, both Maricopa County residents (collectively, "Defendants").  The trial court denied Defendants' motion for change of venue.  We reverse and hold that venue does not properly lie in Navajo County as to any of the Defendants.

## I.  BACKGROUND

**¶2**        In March 2013, BLF entered into a legal-services agreement (the "Representation Agreement" or "Agreement") with the Hospital to draft an employment contract for the Hospital's CEO.  The Hospital is in Navajo County.  The Representation Agreement stated that BLF would provide "legal services" to the Hospital and that Everett S. Butler, BLF's sole member, would have "primary responsibility" for representing the Hospital.  In addition to an hourly fee, the Hospital agreed to reimburse BLF for costs incurred on its behalf, including "travel, parking, computerized legal research, long distance calls, photocopying, court costs and filing fees, court transcripts, messenger services, etc."  The Representation Agreement was written on BLF's letterhead and displayed BLF's Phoenix address, but it was silent as to where BLF was to perform its services under the Agreement.

**¶3**        The relationship between the parties soured.  In January 2016, the Hospital sued BLF, Butler, and Williams, a non-member attorney employed by BLF.  The complaint alleged legal malpractice, breach of fiduciary duty, and breach of the covenant of good faith and fair dealing.

**¶4**        Defendants moved to transfer venue to Maricopa County pursuant to A.R.S. § 12-404(A).  They argued that because all Defendants resided in Maricopa County, venue in Navajo County was improper unless a statutory exception applied under A.R.S. § 12-401.

**¶5**        The trial court denied the motion.  Relying on *Morgensen v. Superior Court*, 127 Ariz. 55, 56 (App. 1980), it found that venue in Navajo

County was proper under § 12-401(5) because "the plaintiff exclusively contracted business in Navajo County." The court also found venue proper under § 12-401(18), reasoning that because the liability limitations of both limited liability companies ("LLCs") and corporations are susceptible to "veil-piercing," LLCs should be considered corporations for venue purposes. The court did not address any other exception. The court of appeals declined special-action review.

¶6        We granted review to consider (1) whether BLF "contracted in writing to perform an obligation" in Navajo County, and (2) whether an LLC is an "other corporation" contemplated by the venue statute. We have jurisdiction pursuant to article 6, section 5(3), of the Arizona Constitution and A.R.S. § 12-120.24.

## II.  DISCUSSION

### A.      Standard of Review

¶7        The interpretation of Arizona's venue statutes is a matter of law that we review de novo. *Yarbrough v. Montoya-Paez*, 214 Ariz. 1, 4 ¶ 11 (App. 2006); *see Samiuddin v. Nothwehr*, 243 Ariz. 204, 207 ¶ 7 (2017). "Our primary goal in interpreting statutes is to effectuate the legislature's intent." *Rasor v. Nw. Hosp., LLC*, 243 Ariz. 160, 164 ¶ 20 (2017). To determine that intent, we look first to the statute's language. *See State v. Burbey*, 243 Ariz. 145, 147 ¶ 7 (2017); *Wilks v. Manobianco*, 237 Ariz. 443, 446 ¶ 8 (2015). "When the text is clear and unambiguous, we apply the plain meaning and our inquiry ends." *Burbey*, 243 Ariz. at 147 ¶ 7. Statutes relating to the same subject or general purpose should be considered to guide construction and to give effect to all the provisions involved. *Stambaugh v. Killian*, 242 Ariz. 508, 509 ¶ 7 (2017). But when a statute's language is ambiguous, we look to its "legislative history, effects and consequences, and spirit and purpose." *Rasor*, 243 Ariz. at 164 ¶ 20.

¶8        Section 12-401 provides generally that "[n]o person shall be sued out of the county in which such person resides" unless a statutory exception applies. The statutory exceptions to the general venue rule are narrowly construed, and "courts will not enlarge or add to an express exception." *Wray v. Superior Court*, 82 Ariz. 79, 84 (1957). To determine venue, courts consider the complaint and construe the pleadings liberally in favor of the plaintiff. *Pride v. Superior Court*, 87 Ariz. 157, 160 (1960). The general venue rule is sufficiently important, however, that "an equal doubt

between the exception and the rule is to be resolved in favor of the rule." *Goodrich v. Superior Oil Co.*, 237 S.W.2d 969, 972 (Tex. 1951).[1] Our court of appeals has noted that "convenience to the defendant is . . . the first consideration in establishing venue." *Yarbrough*, 214 Ariz. at 3 ¶ 4.

**¶9** The Hospital argues that three exceptions allow Defendants to be sued in Navajo County: A.R.S. § 12-401, subsections (5), (10), and (18). Because it is not clear that the trial court considered the applicability of subsection (10), although the Hospital urged it as a ground for suing Defendants in Navajo County, we confine our review to subsections (5) and (18).[2]

### B.     Written Contract to Perform an Obligation in One County

**¶10** Section 12-401(5) states: "Persons who have contracted in writing to perform an obligation in one county may be sued in such county or where they reside." We interpreted this provision in *Miller Cattle Co. v. Mattice*: "[I]f the contract be in writing, and must necessarily be executed in a county different from that of the domicile of the party contracting, then, for breach of the contract, he may be sued in either of these counties." 38 Ariz. 180, 185 (1931) (quoting *Seley v. Williams*, 50 S.W. 399, 400 (Tex. Civ. App. 1899)). The contract itself must "plainly specify" or necessarily imply the place of performance. *Id.* at 184-5 (citing *Cecil v. Fox*, 208 S.W. 954, 955–56 (Tex. Civ. App. 1919)); *accord Blakely v. Superior Court*, 6 Ariz. App. 1, 2 (1967).

---

[1] "Because Arizona's venue statute was adopted from the Texas statute, that state's decisions are of particular interest." *Cacho v. Superior Court*, 170 Ariz. 30, 33 (1991).

[2] Section 12-401(10) states, in relevant part: "When the foundation of the action is a crime, offense or trespass for which an action in damages may lie, the action may be brought in the county in which the crime, offense or trespass was committed or in the county in which the defendant or any of the several defendants reside or may be found . . . ." We do not decide here whether subsection (10) applies, and that question may be raised on remand. But we have held that "a defendant must have been present in the county at the time of the commission of the 'trespass' before venue can be laid in that county." *Smitherman v. Superior Court*, 102 Ariz. 504, 508 (1967).

**¶11** The Hospital argues that the Representation Agreement was a written contract to perform legal services in Navajo County because the Agreement expressly referred to representation of the Hospital (located in Navajo County) with respect to the Hospital's Navajo County business affairs. Therefore, according to the Hospital, BLF's obligations under the Representation Agreement could not be performed without "acting within" Navajo County, "whether by traveling there physically or by causing effects within that county by use of the Internet and other communication methods."

**¶12** But for venue to lie in Navajo County, the Representation Agreement must have *required* performance there, "either expressly or by necessary implication." *Blakely*, 6 Ariz. App. at 2. To determine whether the Representation Agreement so required, we consider not only its text but also the allegations in the complaint, construing them in the Hospital's favor. *See Tribolet v. Fowler*, 77 Ariz. 59, 61 (1954). Here, the Representation Agreement did not specify any place of performance. Moreover, nowhere in its complaint does the Hospital allege that the Representation Agreement required BLF to perform legal services in Navajo County. Indeed, the complaint is silent as to where BLF was to perform its obligations. Likewise, nothing in the Representation Agreement implied that BLF must do any work in Navajo County. Thus, neither the Representation Agreement nor the complaint provides any support for finding that BLF was required, expressly or by necessary implication, to perform in Navajo County.

**¶13** The trial court misconstrued *Morgensen* by finding that the Agreement implicitly required performance in Navajo County because the Hospital "exclusively contracted business" there. Although the Hospital is in Navajo County, "[t]he determining factor is not whether the contract requires the *plaintiff* to perform in the county of suit, but whether it requires the *defendant* to so perform." *Morgensen*, 127 Ariz. at 57 (emphasis added). And we will not expand the meaning of "place of performance" to include a place where performance merely causes an effect. *See Wray*, 82 Ariz. at 84. BLF's performance under the contract may have had an effect in Navajo County, but BLF was not explicitly or implicitly required to perform any services in Navajo County.

5

### C. Venue as to the Attorney Defendants

**¶14** The Hospital also claims venue is proper as to Butler and Williams individually under subsection (5) because, under the PLLC statute, each member or employee of a PLLC remains "*personally* liable for any results of the negligent or wrongful acts, omissions or misconduct committed by him or by any person under his direct supervision and control while performing professional services on behalf of the limited liability company." A.R.S. § 29-846 (emphasis added).

**¶15** This argument is unavailing. Subsection (5) applies only to "[p]ersons who have contracted in writing to perform an obligation." Here, neither attorney entered into the Representation Agreement; rather, BLF did. As the Hospital acknowledges, although Butler signed the Agreement, he did so as BLF's agent. *See* A.R.S. § 29-654 (describing when a member or manager is an agent of an LLC). But when an LLC binds itself to a contract through an agent, only the LLC, not the agent, is bound to the contract. *See Queiroz v. Harvey*, 220 Ariz. 273, 275 ¶ 8 (2009); Restatement (Third) of Agency § 6.01.

**¶16** Even if Butler were bound personally by the Representation Agreement, contract-based venue in Navajo County would remain improper for the reasons discussed above. *See supra* ¶¶ 10–13. And in no event would the Representation Agreement create venue as to Williams, who did not sign the Agreement and is not even a member of BLF.

**¶17** Furthermore, even if the subsection (5) exception applied to BLF, venue would still not lie as to Butler and Williams. Section 12-401(7) provides: "When there are several defendants residing in different counties, action may be brought in the county in which any of the defendants reside." This permits defendants to be subject to venue outside their county of residence, but only if another defendant is a resident in the county of suit. BLF is not a resident of Navajo County, so § 12-401(7) would not make venue proper as to Butler and Williams under subsection (5) or any other exception.

### D. Actions Against "Other Corporations"

**¶18** Section 12-401(18) states:

> Actions against railroad companies, insurance companies, telegraph or telephone companies, joint stock companies and other corporations may be brought in any county in which the cause of action, or a part thereof, arose, or in the county in which the defendant has an agent or representative, owns property or conducts any business.

Subsection (18) does not refer to LLCs, so it does not on its face apply to BLF.  But the Hospital argues, as it successfully did in the trial court, that a limited liability company is an "other corporation[]" under the statute.

**¶19**         Subsection (18) creates an exception for "other corporations." We interpret words in a statute in accordance with their statutory definition.  *See Fields v. Elected Officials' Ret. Plan*, 234 Ariz. 214, 219 ¶ 19 (2014).  The venue statute itself does not define "corporation."  Statutes in title 10, although limited to specific sections, define various types of "corporation[s]" by reference to their governing statutes.  *See, e.g.*, A.R.S. § 10-140(14) ("'Corporation' . . . means a corporation for profit . . . that is incorporated under or subject to chapters 1 through 17 of this title.").  No statutory definition of "corporation," however, includes LLCs.

**¶20**         The Arizona Constitution states, "The term 'corporation,' as used in this article, shall be construed to include all associations and joint stock companies having any powers or privileges of corporations not possessed by individuals or co-partnerships . . . ."  Ariz. Const. art. 14, § 1.  The "powers or privileges" of corporations are found in A.R.S. § 10-302. *See Reilly v. Clyne*, 27 Ariz. 432, 435–36 (1925).  These powers are quite similar to those of a domestic LLC, which are addressed in A.R.S. § 29-610(A).  Nevertheless, an LLC does not fall within the constitutional definition, which by its terms is limited to article 14.  But more importantly, the LLC statute's placement in the overall statutory scheme, its history, and its structure reflect the legislature's intent to create a new form of unincorporated business entity.

**¶21**         Limited liability companies are statutorily created entities formed pursuant to the Arizona Limited Liability Company Act

("ALLCA"). A.R.S. §§ 29-601 to -858.[3] The legislature placed ALLCA within title 29, which governs partnerships, whereas corporations are governed by title 10. The inclusion of ALLCA under a separate title from corporations bespeaks a legislative intent to create an entity distinct from corporations. And the legislature expressly recognized that an LLC organized outside Arizona is an "unincorporated entity." *See* § 29-601(13) (defining "foreign limited liability company").

**¶22**      Legislative history is likewise bereft of any suggestion that LLCs fall within the subsection (18) exception. Partnerships have never been included in an exception in the venue statute and are therefore covered by the general venue rule under § 12-401. *See* Rev. Stat. Ariz. Terr., Civ. Code, § 17-85 (1901). And because ALLCA was enacted long after the general venue statute and the corporation exception, the legislature could not have intended to include LLCs in an exception to the venue statute when it was enacted. Nor has the legislature since manifested any intent to include them. *Cf. Collins v. Stockwell*, 137 Ariz. 416, 420 (1983) ("Courts will not read into a statute something that is not within the manifest intent of the Legislature as gathered from the statute itself."). To the contrary, the inclusion of ALLCA in title 29 suggests that the legislature did not consider LLCs to be "other corporations" for venue purposes.

**¶23**      Furthermore, the LLC structure is sufficiently different from that of corporations that an LLC does not naturally fall within the scope of "other corporations" in subsection (18). An Arizona LLC is a distinct business entity that is neither a partnership nor a corporation.[4] "Limited

---

[3] Professional limited liability companies, like BLF, are formed pursuant to article 11 of ALLCA. A.R.S. §§ 29-841 to -848. Only those licensed to perform the professional services described in a PLLC's articles of organization may be members of that PLLC. § 29-844(B)(1). PLLCs also have distinct rules relating to liability for professional negligence. *See* § 29-846. None of the unique features of PLLCs are pertinent to this case, and so we base our decision on "the laws applicable to other limited liability companies." *See* § 29-843.

[4] By contrast, some states expressly treat LLCs as partnerships. *See, e.g., Ex parte WMS, LLC*, 170 So. 3d 645, 650 (Ala. 2014) (applying to LLCs the venue statute for partnerships); *Ex parte Miller, Hamilton, Snider & Odom, LLC*,

liability companies are statutorily-created entities, designed primarily to provide the personal liability protection found in a corporate structure, while allowing the LLC members the state and federal tax benefits generally provided in a partnership setting." *TM2008 Invs., Inc. v. Procon Capital Corp.*, 234 Ariz. 421, 424 ¶ 13 (App. 2014). Although corporations and LLCs have overlapping statutory powers, an LLC can waive any of these powers in its articles of organization. § 29-610(B). And LLCs have features shared by neither corporations nor partnerships: for instance, unlike both corporations and partnerships, LLC members do not owe each other fiduciary duties unless they are expressly included in the LLC operating agreement. *See TM2008 Invs.*, 234 Ariz. at 424–25 ¶¶ 13–15. Indeed, an LLC's organizational flexibility is one of its central characteristics: an LLC may be managed directly by its members, making it more like a partnership, or it may be managed by a manager or group of managers, making it more like a corporation. *See* A.R.S. § 29-632(A)(6), (B)–(C). Although some LLCs, because of their specific articles of organization, may more closely resemble a corporation, LLCs as a class are not sufficiently like corporations to be included in the "corporation" exception for venue.

¶24 The trial court erred when it applied the subsection (18) exception on the basis that LLCs, like corporations, are amenable to "veil-piercing," that is, subjecting their members to personal liability via the alter-ego doctrine. Venue and the alter-ego doctrine reflect different policy considerations. Venue is based on convenience in choosing the site for litigation, *see, e.g., Sil-Flo Corp. v. Bowen*, 98 Ariz. 77, 83 (1965), whereas the alter-ego doctrine attempts to prevent "fraud," "misuse," and "injustice" arising from misuse of the corporate form of organization, *see NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 176–77 (2d Cir. 2008). Moreover, imparting such an expansive meaning to "other corporations" would substantially increase the reach of the exception. Absent legislative action, we "will not enlarge or add to [this] express exception." *Wray*, 82 Ariz. at 84.

---

942 So. 2d 334, 336 (Ala. 2006) (citing statute declaring that the term "partnership" in any statute encompasses LLCs).

### III.  CONCLUSION

**¶25**      We reverse the trial court's order denying the Defendants' motion for a change of venue, and we remand the case to that court for further proceedings consistent with this opinion.