533 P.2d 572

William R. JACKSON and Betty Ann Jackson, Petitioners,

v.

SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF PIMA and Jack G. Marks, Judge of Said Superior Court, Respondent;

HOME MAINTENANCE CLUBS OF ARIZONA, INC., an Arizona Corporation, (aka Home & Garden Rental Centers, Inc.) Robert E. Mortimer and Cheryl Mortimer, husband and wife, H. Carl Sandberg and Jane Doe Sandberg, husband and wife, D. Delos Ellsworth and Alda Ellsworth, husband and wife, Real Parties in Interest.

No. 2 CA–CIV 1835.

Court of Appeals of Arizona, Division 2.

April 1, 1975.

Law Offices of J. Emery Barker by James P. F. Egbert, Tucson, for petitioners.

Skousen, McLaws & Skousen, P.C. by Richard E. Skousen, Mesa, for real parties in interest.

## OPINION

PER CURIAM.

The petitioners, plaintiffs in a civil action filed in Pima County Superior Court, claim the respondent court erred in transferring the action to Maricopa County pursuant to the request of the real parties in interest, defendants below, for a change of venue. The basis for the defendants' motion for transfer was that they all resided in Maricopa County and were entitled to be sued in the county of their residence. The lower court, upon the authority of Wray v. Superior Court, 82 Ariz. 79, 308 P.2d 701 (1957) and Wallen v. Jacobson, 18 Ariz.App. 558, 504 P.2d 499 (1972), agreed.

In determining venue questions, examination of the complaint is necessary,

and the pleadings should be construed liberally in favor of the pleader. Pride v. Superior Court, 87 Ariz. 157, 348 P.2d 924 (1960). An examination of petitioners' complaint discloses that the gravamen of their claim against the defendants was for fraudulent misrepresentations made by them in Pima County. The complaint sets forth the requisite nine elements of actionable fraud.

A.R.S. § 12–401, as amended, provides in pertinent part:

"No person shall be sued out of the county in which he resides, except:

. . . . . .

10. When the foundation of the action is a crime, offense or trespass for which an action in damages may lie, the action may be brought in the county in which the crime, offense or trespass was committed or in the county in which the defendant or any of the several defendants reside or may be found . . .."

 Thus under this section venue may lie in several alternative counties, and a plaintiff is in a position to exercise the option as to the proper county. Massengill v. Superior Court, 3 Ariz.App. 588, 416 P.2d 1009 (1966). Adverting to the petitioners' complaint and indulging in the liberal construction to which it is entitled, it would appear that venue was properly laid in Pima County under A.R.S. § 12–401(1), supra, as a "trespass" committed in Pima County. The term "trespass" means a wrongful act that causes damage to another. Whitson Food Products Co. v. McClung, 206 S.W.2d 659 (Tex.Civ.App. 1947); O'Brien v. Delta Air Corp., 188 La. 911, 178 So. 489 (1938). The courts of Texas (from which state our venue statutes were principally taken) have construed the meaning of the word "trespass" as being equivalent to "tort." Downs v. McCampbell, 203 S.E.2d 302 (Tex.Civ. App.1947); Page v. Schlortt, 71 S.W.2d 886 (Tex.Civ.App.1934). Since petitioners' complaint sought redress for a tort allegedly committed by the defendants in Pima County, their action was properly filed in

such county and the respondent court had no jurisdiction to change the venue of the action.

The order directing transfer of the subject case to Maricopa County is hereby vacated with directions to reinstate the cause in Pima County.