786 P.2d 1025

**The STATE of Arizona, DEPARTMENT OF CORRECTIONS, Samuel A. Lewis, Director, Petitioners,**

**v.**

**The Honorable Norman S. FENTON, a Judge for The Superior Court of the State of Arizona, County of Pima, Respondent,**

**and**

**Margaret AIN, a single woman, Real Party in Interest.**

**No. 2 CA–SA 89–0107.**

Court of Appeals of Arizona, Division 2, Department B.

Oct. 17, 1989.

Reconsideration Denied Nov. 7, 1989.

Review Dismissed Feb. 26, 1990.

---

Ryley, Carlock & Applewhite by John C. Lemaster, Charles L. Chester and Susan M. Solomon, Phoenix, for petitioners.

John H. Messing, P.C. by John H. Messing, Tucson, for real party in interest.

## OPINION

LIVERMORE, Presiding Judge.

The state has brought this special action to challenge the trial court's denial of a motion for change of venue. Because we believe the trial court abused its discretion in denying the motion, we assume jurisdiction and grant relief.

The real party in interest is the plaintiff in a lawsuit filed in Pima County alleging various negligence, contractual and statutory claims against the state and others arising out of her employment as a Department of Corrections officer. The petitioner answered the complaint and in its answer made a written demand that the trial be transferred to Maricopa County pursuant to A.R.S. § 12–822(B). The real party in interest objected to the demand for transfer and filed a motion to set and a certificate of readiness. The state filed a controverting certificate alleging that Pima County was not the proper venue because it had complied with A.R.S. § 12–822(B). The real party in interest objected to the change of venue because the attorney general had not filed a demand in the case, but rather the private law firm of Ryley, Carlock & Applewhite had filed the demand since it was representing the state in litigation. The trial court found that "[a]lthough the Attorney General is empowered by statute to request a mandatory change of venue it does not appear that this right might be delegated to a private attorney appointed to handle litigation." A subsequent motion to reconsider was denied, the court stating:

[T]hat in the light of the harshness and the impact of 12–822, the fact although it suspects there is self-insurance—there has been no proof of self-insurance; and there has been no designation of Ryley, Carlock & Applewhite as Special Attorney Generals or Special Assistant Attorney Generals; and the contract of employment at this point is not before the Court, although counsel has offered to provide a copy, a strict construction is appropriate rather than the particular application that is suggested by counsel for the defendants, therefore the Court is re-affirming its prior ruling.

A.R.S. § 12–822(B) provides:

In an action against this state upon written demand of the attorney general, made at or before the time of answering, served upon the opposing party and filed with the court where the action is pending, the place of trial of any such action shall be changed to Maricopa county.

Although the lower court was concerned with the absence of a written contract delegating the duty of representation of the state to the private firm, the parties in this special action agree that the sole question involved is whether the attorney general may delegate his responsibility to request a change of venue under A.R.S. § 12–822. The respondents argue that because the attorney general has no common law powers and that whatever powers he does possess must be found in the constitution or statutes, *Amphitheater Unified School District # 10 v. Harte*, 128 Ariz. 233, 624 P.2d 1281 (1981), and because there is no specific authority allowing for the delegation of his responsibility to request a change of venue under A.R.S. § 12–822, such a delegation must be beyond the scope of his powers. We do not agree. Such a strict interpretation would mean that attorneys employed in the attorney general's office could not even file for a change of venue pursuant to the statute. The intent of the statute is to allow the state to have actions against it transferred to Maricopa County upon a timely request. Who requests the transfer is not important.

Other state statutes allow the attorney general to delegate his duty to outside le-

gal counsel when appropriate. A.R.S. § 41–191(C) provides that the attorney general can employ attorneys for particular cases. A.R.S. § 41–621(L) provides for the employment of outside legal counsel in other cases. Outside legal counsel, when employed by the attorney general, are delegated the duty of defending the state. A.R.S. § 41–621(L). This delegation necessarily encompasses the authority to assert any rights conferred upon the state by constitution or statute, including the right to request a change of venue. The result in this case should be no different than when the state contracts with outside counsel after the change of venue has been effected, which apparently occurred in *Cooke v. Berlin,* 153 Ariz. 220, 735 P.2d 830 (App.1987).

Because counsel duly authorized to represent the state in place of the attorney general filed a timely request under A.R.S. § 12–822(B), the trial court erred in denying the motion for change of venue. That order is vacated and the case is remanded to allow the trial court to enter an order transferring this cause to Maricopa County.

FERNANDEZ, C.J., and HOWARD, J., concur.