781 P.2d 1379

**COCHISE COUNTY, a political subdivision of the State of Arizona, Petitioner,**

v.

**The Honorable Matthew W. BOROWIEC, a Judge for the Superior Court of the State of Arizona, County of Cochise, Respondent,**

**and**

**The ARIZONA HEALTH CARE COST CONTAINMENT SYSTEM; Leonard J. Kirschner, in his capacity as director of AHCCCS, Real Parties in Interest.**

No. 2 CA-SA 89-0113.

Court of Appeals of Arizona, Division 2, Department B.

Oct. 24, 1989.

Alan K. Polley, Cochise Co. Atty. by Paul A. Smith, Bisbee, for petitioner.

Johnston, Maynard, Grant & Parker by Logan T. Johnston and Therese L. Martin, Phoenix, for real parties in interest.

FERNANDEZ, Chief Judge.

## OPINION

Petitioner Cochise County seeks special action relief from the respondent judge's order granting a motion for change of venue filed by real parties in interest Arizona Health Care Cost Containment System (AHCCCS) and its director, Leonard J. Kirschner. Because we believe that respondent acted in excess of his legal authority in granting the requested change of venue to Maricopa County and because petitioner has no equally plain, speedy and adequate remedy by appeal, we accept jurisdiction pursuant to Ariz.R.P. Spec. Action 1 and 3, 17B A.R.S., and grant relief.

On March 24, 1988, after an administrative hearing held at the request of Cochise County resident Philip Hirt, Kirschner reversed the decision of the Cochise County Department of Medical Assistance denying Hirt's application for AHCCCS benefits. A.R.S. §§ 36–2901 through 36–2917. Cochise County filed a petition for rehearing in accordance with A.R.S. § 36–2903.01. Kirschner denied the petition and issued a final administrative decision on May 26, 1989.

Pursuant to the Administrative Review Act, A.R.S. §§ 12–901 through 12–914, Cochise County sought judicial review of Kirschner's decision through a complaint against AHCCCS, Kirschner and Hirt filed in Cochise County Superior Court. The complaint alleged, among other things, that venue was proper in Cochise County under A.R.S. § 12–905. On July 17, 1989, private counsel for AHCCCS and Kirschner filed a motion for change of venue to Maricopa County pursuant to A.R.S. §§ 12–822(B), 12–401(16) and 12–408. Cochise County opposed the motion, arguing that AHCCCS and Kirschner were not entitled to a change of venue under either statute and that, if the statutes require the change, they are unconstitutional. The respondent judge granted the motion on August 29, concluding that: 1) AHCCCS was created by statute to be administered by a director appointed by the governor, confirmed by the senate and compensated pursuant to A.R.S. § 38–611; 2) as director of AHCCCS, Kirschner is a public officer; 3) the seat of state government is in Maricopa County, and AHCCCS is a party or subdivision of the state government as contemplated by A.R.S. § 12–822; 4) in accordance with § 12–822(B), a statute enacted at a time when the attorney general represented virtually all state departments and agencies, private counsel had proper standing to

request the change of venue; and 5) A.R.S. § 12–822(B) is presumed to be constitutional.[1] This special action followed.

## ISSUES

The issues raised in this special action are as follows:

1. Is an action seeking judicial review of an administrative decision brought pursuant to the Administrative Review Act an action or claim against the state as contemplated by title 12, chapter 7, article 2 of the Arizona Revised Statutes, §§ 12–820 through 12–826?

2. In an action seeking judicial review of an administrative decision in which a public official is a party, does either A.R.S. §§ 12–905 or 12–401(16) apply, when the venue determined by these provisions is conflicting?

Because we conclude that neither § 12–822 nor § 12–401(16) applies to this case, we do not reach petitioner's contention that those statutes are unconstitutional.

## APPLICABILITY OF A.R.S. § 12–822(B)

■ Generally, appellate courts do not interfere with a venue ruling. However, when the trial court exceeds its jurisdiction, a venue ruling is appropriately reviewable by special action. *Zuckernick v. Roylston*, 140 Ariz. 605, 684 P.2d 177 (App.1984); *McKinney v. Superior Court*, 19 Ariz.App. 566, 509 P.2d 638 (1973). We believe that the respondent judge erroneously concluded that § 12–822(B) applies and that, in granting a change of venue to Maricopa County pursuant to that provision, he exceeded his legal authority.

The so-called golden rule of statutory interpretation requires that a statute be given a reasonable, rational and sensible construction that will accomplish the legislative intent. *Mendelsohn v. Superior Court*, 76 Ariz. 163, 261 P.2d 983 (1953). In determining the legislative intent in enacting a statute, we examine the words,

context and subject matter, the statute's effects and consequences, the spirit and reason of the law, and acts in pari materia. *State v. McGriff*, 7 Ariz.App. 498, 441 P.2d 264 (1968). Courts will not interpret statutes in such a way as to make them "contradictory to each other but must, if sound reason and good conscience allow, construe [them] in harmony." *City of Mesa v. Salt River Project Agricultural Improvement & Power District*, 92 Ariz. 91, 98, 373 P.2d 722, 727 (1962).

Section 12–822(B) provides as follows:

In an action against this state upon written demand of the attorney general, made at or before the time of answering, served upon the opposing party and filed with the court where the action is pending, the place of trial of any such action shall be changed to Maricopa county.

Section 12–820(7) defines state as "this state and any state agency, board, commission or department." Thus, § 12–822(B) includes AHCCCS since the parties agree it is a state agency. Because AHCCCS is exempt from the requirement that it be represented by the attorney general, A.R.S. § 36–2903(0), a reasonable construction of these provisions leads to the conclusion that private counsel representing AHCCCS may request a change of venue pursuant to § 12–822(B) if the statute is applicable to judicial review of an administrative decision. *See State v. Fenton*, 163 Ariz. 174, 786 P.2d 1025 (App.1989). When § 12–822(B) is analyzed in its proper statutory context, however, it is apparent that it does not apply to the proceeding below.

■ Section 822(B) is a change of venue provision that is part of title 12, chapter 7 of the Arizona Revised Statutes, entitled "Special Actions and Proceedings in Which the State Is a Party." That chapter is comprised of eight articles, each of which has its own descriptive title. Section 12–822(B) is part of article 2, entitled "Actions Against Public Entities or Public Employees." In 1984 the title of article 2 was

---

1. The trial court did not rule on the request of the real parties in interest for change of venue pursuant to A.R.S. § 12–408 and it has not been

raised in this special action. Accordingly, we do not address it.

changed from "Actions Against the State on Contract or for Negligence." Although we agree with Division One of this court that the change in caption may be interpreted as a broadening of the scope of article 2, *Johnson v. University Hospital,* 148 Ariz. 37, 712 P.2d 950 (App.1985), we do not believe that the article was intended to include actions seeking judicial review of administrative rulings. The legislature enacted a separate article in chapter 7 that deals specifically with such proceedings. *See* article 6, §§ 12–901 through 12–914, entitled "Judicial Review of Administrative Proceedings."

In addition to a reasonable construction of chapter 7 aided by a review of the article headings, *see Arizona Foundation for Neurology & Psychiatry v. Sienerth,* 13 Ariz.App. 472, 477 P.2d 758 (1970), the following legislative purpose of article 2 reinforces the conclusion that judicial review proceedings were not meant to be included within its scope.

The legislature recognizes the inherently unfair and inequitable results which occur in the strict application of the traditional doctrine of sovereign immunity. On the other hand, the legislature recognizes that, while a private entrepreneur may readily be held liable for negligence within the chosen scope of his activity, the area within which government has the power to act for the public good is almost without limit and therefore government should not have the duty to do everything that might be done. Consequently, it is hereby declared to be the public policy of this state that public entities are liable for acts and omissions of employees in accordance with the statutes and common law of this state. *All of the provisions of this act should be construed with a view to carry out the above legislative purpose.*

Laws 1984, Ch. 285, § 1 (emphasis added). Clearly, article 2 was intended to apply to actions against public entities or public employees in their truest sense, not to judicial review of administrative decisions that are treated in a separate article. The doctrine of sovereign immunity simply does not relate to administrative appeals.

The fact that article 2 contains numerous provisions that have no connection with administrative appeal proceedings provides an additional basis for concluding that it was not meant to apply to such proceedings. For example, A.R.S. § 12–821 prescribes the method by which a claim against a public entity or public employee may be brought, and §§ 12–820.01 and 12–820.02 provide for absolute and qualified immunity of public employees. Section 12–822(A), the first paragraph of the statute on which the respondent relied, provides for service of summons when suit is filed on a claim against the state. It is undisputed that the suit involved here did not require the filing of a claim against AHCCCS. A reasonable construction of those provisions of article 2 is that they do not apply to Cochise County's appeal from Kirschner's administrative decision; a reasonable construction of § 12–822(B) is that it also does not apply to this proceeding. An action seeking judicial review of an administrative decision is, in a word, an entirely different proceeding than that governed by article 2.

## APPLICABILITY OF A.R.S. § 12–401(16)

The respondent judge granted the motion for change of venue based expressly upon § 12–822(B). Because he concluded that Kirschner is a public officer, it appears that the trial court considered § 12–401(16), at least implicitly, in granting the motion. We therefore address the applicability of that provision.

Section 12–401(16) is a general venue provision that requires that "[a]ctions against public officers ... be brought in the county in which the officer, or one of several officers, holds office." Cochise County argues that Kirschner is not a public officer, contending that he is not referred to as a state officer in Article 5, § 1 of the Arizona Constitution. It concedes, however, that AHCCCS is a state agency. A.R.S. § 36–2902(B) provides that the director of AHCCCS is appointed by the governor and confirmed by the senate. Thus, we find that Kirschner is a public officer.

Nevertheless, we find that § 12–401(16) is not controlling.

Our conclusion is based first on the preceding discussion on the inapplicability of § 12–822(B). An administrative appeal is not an action against a public officer, just as it is not an action against the state of the kind contemplated by article 2.

Second, and perhaps more importantly, however, based upon general principles of statutory construction, we conclude that § 12–401(16) does not apply to this action because we find that § 12–905 is controlling. Section 12–401(16) is a general venue provision. Section 12–905, on the other hand, is a specific venue provision, applicable only to judicial review proceedings. It provides, in pertinent part, as follows:

B. If the venue of the action to review a final administrative decision is expressly prescribed in the statute under authority of which the decision was made, such venue shall control, but if the venue is not prescribed, an action to review a final administrative decision may be commenced in the superior court of any county in which any of the following conditions obtains:

1. Any part of the hearing or proceeding culminating in the decision of the administrative agency was held.

2. Any part of the subject matter involved is situated.

3. Any part of the transaction giving rise to the proceedings before the agency occurred.

The AHCCCS statutes contain no express provision on venue. A.R.S. § 36–2903.01(B)(4) does provide, however, that "[d]ecisions of the director under the grievance and appeal procedure established pursuant to this paragraph are subject to judicial review under title 12, chapter 7, article 6 [A.R.S. §§ 12–901 through 12–914]." Clearly, the two venue provisions produce conflicting results. When two statutes conflict, the court should attempt to harmonize them. If the conflict cannot be resolved, however, we apply the specific statute over the general statute. *State v. Davis*, 119 Ariz. 529, 582 P.2d 175 (1978); *Peabody Coal Co. v. Navajo County*, 117 Ariz. 335, 572 P.2d 797 (1977). Because § 12–905 is the more specific provision, it controls; accordingly, the judicial review proceeding was properly brought in Cochise County. Thus, the real parties in interest were not entitled to a change of venue based upon § 12–401(16).

We conclude that the respondent judge exceeded his legal authority in granting the motion for change of venue. Therefore, we grant special action relief and vacate the order granting the motion.

LIVERMORE, P.J., and HOWARD, J., concur.