880 P.2d 1144

Adam LAKRITZ, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF CO-CONINO, the Honorable Charles Adams, a judge thereof, Respondent Judge,

The STATE of Arizona, Real Party in Interest.

No. 1 CA–SA 94–0095.

Court of Appeals of Arizona, Division 1, Department E.

June 16, 1994.

Review Denied Oct. 4, 1994.

Aspey, Watkins & Diesel, P.L.L.C. by Frederick M. Aspey and Holly Sofia Karris, Flagstaff, for petitioner.

Grant Woods, Atty. Gen. by John E. Birkemeier, Asst. Atty. Gen., Phoenix, for real party in interest.

## OPINION

JACOBSON, Judge.

Petitioner Adam Lakritz (plaintiff) seeks special action review of the trial court's order transferring venue from Coconino County to Pinal County in his underlying tort suit against the State of Arizona for the state's alleged gross negligence that resulted in plaintiff's kidnapping, assault, and armed robbery in Coconino County by Danny Ray Horning, a prisoner who had escaped from the Arizona State Prison located in Pinal County. The issue raised is whether the trial court abused its discretion in concluding that venue should be in Pinal County because "the foundation of the action is the crime of escape." We accepted jurisdiction because denial of a motion for change of venue is a nonappealable order that is appropriately reviewed by special action. *Cochise County v. Borowiec,* 162 Ariz. 192, 193, 781 P.2d 1379, 1380 (App.1989).

**DISCUSSION**

In determining a venue question, we look to the allegations of the complaint, construing the pleading liberally in favor of the plaintiff. *Jackson v. Superior Court,* 23 Ariz.App. 361, 361–62, 533 P.2d 572, 572–73 (1975). If venue is brought in the proper county, a trial court may not legally change venue. *Zuckernick v. Roylston,* 140 Ariz. 605, 606–07, 684 P.2d 177, 178–79 (App.1984). Conversely, when a proper request for change of venue has been made, the trial court must transfer the case. *Massengill v. Superior Court,* 3 Ariz.App. 588, 591, 416 P.2d 1009, 1012 (1966).

In Arizona, venue generally lies in the county in which defendant resides, unless a statutory exception exists. *See generally* A.R.S. § 12–401. In this case, the parties agree that the following statutory exception applies: [1]

> When the foundation of the action is a crime, offense or trespass for which an action in damages may lie, the action may be brought in the county in which the crime, offense or trespass was committed or in the county in which the defendant or any of the several defendants reside or may be found....

A.R.S. § 12–401(10).

The relevant allegations of the complaint include the following:

> II. The assault, kidnapping and armed robbery perpetrated upon the plaintiff by Danny Ray Horning occurred in Coconino County, Arizona. Venue in the Coconino County Superior Court is appropriate pursuant to A.R.S. § 12–401(10).
>
> ....
>
> XVI. The State is charged with the duty of holding in custody all persons sentenced to the Department of Corrections to serve

---

1. A more specific venue exception applies when the state is the defendant:

   > In an action against this state upon written demand of the attorney general, made at or before the time of answering, served upon the opposing party and filed with the court where the action is pending, the place of trial of any such action shall be changed to Maricopa county.

   A.R.S. § 12–822(B). In this case, the state has not sought to have the case removed to Maricopa County.

   Additionally, if this suit involved public officers as defendants, venue would be in "the county in which the officer, or one of several officers, holds office." A.R.S. § 12–401(16). At this point, the only named party in plaintiff's complaint is "The State of Arizona, a body politic"; remaining defendants are designated by fictitious names.

a term of imprisonment upon conviction of a crime calling for imprisonment in the Arizona State Prison.

. . . .

XX. The State, by allowing Horning access to the yard in the Central Unit and by not properly checking identification of people entering and exiting the front gates in the Central Unit, was grossly negligent thereby allowing Horning to escape.

. . . .

XXII. The State ... is subject to suit pursuant to A.R.S. § 12–820.02.

. . . .

XXIII. On or about June 25, 1992, in Flagstaff, Arizona [Coconino County] after the escape and during the subsequent manhunt, [plaintiff] was kidnapped, assaulted and forcibly robbed by Horning.

. . . .

XXX. As a direct and proximate result of the above and foregoing, [plaintiff] has been severely and perhaps permanently damaged.

In requesting a change of venue from Coconino County, the site of plaintiff's injuries, to Pinal County, the site of the escape, the state argued that, because Horning was not a named defendant, and because the only negligent acts alleged were the state's omissions in allowing Horning to escape from the prison in Pinal County, parroting the language of A.R.S. § 12–401(10), "The foundation of this action is the crime [of escape]." Thus, the state argued, venue in Pinal County was proper.[2]

Plaintiff responded that the "foundation" of his claim was not the "crime of escape,"

but the state's liability for "all foreseeable acts of Danny Ray Horning," including those acts which injured him in Coconino County. *See generally Ryan v. State,* 134 Ariz. 308, 656 P.2d 597 (1982). After oral argument, the trial court granted the change of venue to Pinal County for the reason that "the foundation of the action is the crime of escape. The escape was from the Arizona State Prison facility located in Pinal County, Arizona."

■ We find this ruling erroneous in several respects. First, no "crime" is alleged in the complaint as the "foundation" of the action. Plaintiff is not suing Horning for tort damages resulting from Horning's criminal act of escape, but rather is suing the state for injuries plaintiff received because of the state's alleged gross negligence in *permitting* the escape. The complaint neither names Horning as a defendant subject to tort liability for his crimes, nor alleges that the state committed a criminal act for which it is liable for damages. Thus, the complaint alleges liability based upon a tort rather than liability based upon the commission of a crime.

Second, it is well-established in Arizona that the word "trespass" within A.R.S. § 12–401(10) means "tort," in the sense of "a wrongful act that causes damage to another." *Jackson,* 23 Ariz.App. at 362, 533 P.2d at 573 (fraud and misrepresentation); *see also Sulger v. Superior Court,* 85 Ariz. 299, 302–03, 337 P.2d 285, 287 (1959) (slander); *Pride v. Superior Court,* 87 Ariz. 157, 160–61, 348 P.2d 924, 927 (1960) (tort action for injuries arising from automobile collision); *Zuckernick,* 140 Ariz. at 606, 684 P.2d at 178 (conversion). Thus, the proper analysis is to

---

**2.** The state also argues, in the alternative, that venue in Pinal County is also proper under A.R.S. § 12–406 for the following reasons:

   1. The majority of witnesses in this case are DOC employees at the Arizona State Prison, in Florence.

   2. Plaintiff's residence is in San Diego, and he would not be inconvenienced by the relocation of the suit.

   3. There exists great prejudice against Danny Ray Horning in Coconino County, from the fact that he was at-large in that county for more than a month, during which there was substantial publicity about his escape, preventing the state from obtaining a fair and impartial trial in that county.

Plaintiff responded that the majority of the witnesses resided in Coconino County, and that the publicity about the escape and manhunt was statewide and not near the time of trial; thus, the state had failed to provide a sufficient showing of either inconvenience or prejudice to support a transfer of venue under A.R.S. § 12–406. The trial court did not rule on this alternative ground in granting the motion for change of venue, and the parties do not address this ground in this special action. We therefore do not consider the issue whether the change of venue could have been sustained on this basis.

determine where venue lies when "the foundation of the action is a ... trespass."

Plaintiff asks us to adopt a "place of injury" rule for venue in "trespass" actions in Arizona, based on case law from several other jurisdictions whose venue statutes provide for venue in the county in which a "cause of action" in tort "arose." *See, e.g., Lubbock Mfg. Co. v. Sames*, 598 S.W.2d 234, 236–37 (Tex.1980) (construing Tex.Rev.Civ.Stat.Ann. art. 1995(23), which provides venue "in the county in which the cause of action or part thereof arose" to include the place of physical harm); *Ebell v. Seapac Fisheries, Inc.*, 692 P.2d 956, 957 (Alaska 1984) (construing Alaska Stat. § 22.10.030(b), which provides venue in the district "in which the claim arose" to include "where the last event necessary to make the defendant liable for the tort took place"); *Pearson v. Wallace Aviation, Inc.*, 400 So.2d 50, 51 (Fla.App.Dist. 5 1981) (construing Fla.Stat. 47.041 provision that venue is where "the cause of action accrued" to include venue for tort actions "where the plaintiff suffers his or her injuries"). However, A.R.S. § 12–401(10) is not a "place of injury" statute; rather, it provides venue "in the county in which the ... trespass was committed" when the "foundation of the action is a ... trespass." A.R.S. § 12–401(10).

Because our statutory venue provisions were principally taken from Texas, our courts have looked to the courts of Texas in interpreting the scope of a "trespass" under A.R.S. § 12–401(10).[3] *Cacho v. Superior Court*, 170 Ariz. 30, 33, 821 P.2d 721, 724 (1991). In an early Texas case interpreting a venue provision identical to A.R.S. § 12–401(10), the Texas Supreme Court interpreted "trespass" to embrace "all cases *where injury is done to the person or to property*, and is the indirect result of wrongful force"; the court reasoned:

> In this last sense the word ["trespass"] would include *injuries* to persons or property which are the result of the negligence of the wrongdoer, and it seems to us more in consonance with the purpose and spirit

of the exception to hold that it was in this sense that it intended that the word should be understood. We presume the exception was made in the interest of the injured party, and not of the wrongdoer; and we see no good reason why a distinction should be made between an injury resulting from intentional violence and one resulting from negligence. It occurs to us the consideration which induced the exception was that one who had been injured in his person or his property by the willful or negligent conduct of another should not be driven to a distant forum to get a redress of his wrongs.

*Hill v. Kimball*, 76 Tex. 210, 13 S.W. 59, 60 (1890). Although the rationale of *Hill* is compelling, we note that *Hill*, unlike this case, did not involve a tort in which the negligent conduct occurred in one county and the injury occurred in another. Indeed, all of the cases cited by the parties from either Texas or Arizona involving this precise "foundation of the action" venue requirement are arguably distinguishable from the present case on that basis.

Therefore, in order for us to determine the "foundation of the action," it is more appropriate to look to the nature of the "trespass" alleged in the complaint. In this case, plaintiff's lawsuit is founded upon the following statutory liability of the state:

> A. Unless a public employee acting within the scope of his employment intended to cause injury or was grossly negligent, neither a public entity nor a public employee is liable for:
>
> . . . .
>
> 2. An *injury* caused by an escaping or escaped prisoner. . . .

A.R.S. § 12–820.02. In enacting this provision, the Arizona legislature recognized that, although "inherently unfair and inequitable results" could occur from "the strict application of the traditional doctrine of sovereign immunity," qualified immunity is sometimes

---

3. Plaintiff points out that Texas has subsequently repealed its former venue statute from which our statute was taken, Article 1995, Acts 1985, 69th Legis.Sess., ch. 959, § 9(I), effective Sept. 1, 1985, and has replaced it with 15 Tex.Ann.Stat.

§§ 15.001, *et seq.* Subsection 23 of article 1995 provided for venue "in the county in which the cause of action or part thereof arose." *See Lubbock Mfg.*, 598 S.W.2d at 236.

necessary under specific, enumerated circumstances. *See* Historical and Statutory Notes following A.R.S. § 12–820, codified in Laws 1984, ch. 285, § 1; *see also Walls v. Arizona Dep't of Public Safety,* 170 Ariz. 591, 594, 826 P.2d 1217, 1220 (App.1991). By declaring the public policy of the state to be "that public entities are liable for acts and omissions of employees," *id.,* the legislature provided its consent to be sued in a variety of specific circumstances, including the circumstances alleged in this lawsuit. Plaintiff's complaint alleges, "[t]he State was grossly negligent and is subject to suit pursuant to A.R.S. § 12–820.02." As set forth above, that statutory section focuses liability on the *"injury* caused by an escaping or escaped prisoner." A.R.S. § 12–820.02(A)(2). Thus, we conclude, the "foundation of the action," "for which an action in damages may lie," is the "trespass," within the meaning of the venue statute, A.R.S. § 12–401(10), of "injury caused by an escaping or escaped prisoner," rather than the escape itself, which conceivably could cause no injury to a third party.

We hold that plaintiff's *injury* caused by an escaped prisoner is the "trespass" that constitutes the "foundation of the action" in this case. It is undisputed that all of the "injury" plaintiff suffered, which provided the "foundation of the action," occurred in Coconino County. On these facts, we conclude that venue was proper in Coconino County under A.R.S. § 12–401(10). Thus, the trial court erred in granting the state's motion to change venue to Pinal County.

For the foregoing reasons, we accept special action jurisdiction and grant relief. This matter is remanded to the trial court with instructions to deny the state's motion for change of venue based upon A.R.S. § 12–401(10).

NOYES and FIDEL, JJ., concur.