240 P.3d 276

Christian NIELSON and Stephanie Nielson, individually and as husband and wife, and on behalf of their minor children, Claire Nielson, Jane Nielson, Oliver Nielson, Nicholas Nielson; Russell Nielson and Mary Nielson, parents of Christian Nielson; Stephen Clark and Cynthia Clark, parents of Stephanie Nielson, Petitioners,

v.

The Honorable Bethany G. HICKS, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge,

City of St. Johns, a municipal entity; City of St. Johns, dba St. Johns Industrial Airpark, a municipal entity; Navopache Electric Cooperative, Inc., an Arizona Co-op; Stantech Consulting, Inc., a foreign corporation, Real Parties in Interest.

No. 1 CA–SA 10–0131.

Court of Appeals of Arizona, Division 1, Department B.

Sept. 21, 2010.

Gallagher & Kennedy, P.A. By Patrick J. McGroder, III, C. Lincoln Combs, Grant Woods, P.C. By Grant Woods, Phoenix, Co-Counsel for Petitioners.

Gust Rosenfeld, P.L.C. By James H. Marburger, Phoenix, Attorneys for Real Party in Interest City of St. Johns, dba St. Johns Industrial Airpark.

Folk & Associates, P.C. By P. Douglas Folk, Christopher D.C. Hossack, Heather K. Seiferth, Phoenix, Attorneys for Real Party in Interest Stantech Consulting, Inc.

Snell & Wilmer, L.L.P. By Vaughn A. Crawford, and Cole J. Schlabach, Phoenix, Attorneys for Real Party in Interest Navopache Electric Cooperative, Inc.

## OPINION

THOMPSON, Presiding Judge.

¶ 1 This special action arises out of the superior court's transfer of venue from Maricopa County to Apache County in a personal injury action. For the reasons that follow,

## I. FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 In August 2008, Christian and Stephanie Nielson (the Nielsons) were injured in a plane crash in St. Johns, Arizona, when the plane struck power lines and crashed into a neighborhood adjacent to the runway. The Nielsons filed a lawsuit in Maricopa County Superior Court (superior court) against the City of St. Johns, the City of St. Johns dba St. Johns Industrial Airpark (collectively, the City), Navopache Electric Cooperative, Inc. (Navopache), and Stantech Consulting, Inc. (Stantech).

¶ 3 The City is the owner, operator, and manager of St. Johns Airpark (Airpark). Navopache provides electrical power to the residents of Apache County and constructed the power poles and lines around the airspace of the Airpark. Stantech, a national engineering firm whose regional and Arizona headquarters are in Maricopa County, prepared the master plan for the Airpark at the City's direction. Stantech was served with the Nielsons' complaint in Maricopa County. The complaint asserts negligence and loss of consortium and general damages with respect to the City, Navopache, and Stantech (collectively, the defendants), and seeks punitive damages against Navopache and Stantech.

¶ 4 Navopache filed a motion for change of venue, seeking to change the venue to St. Johns, the county seat of Apache County. Neither the City nor Stantech joined in Navopache's motion. Navopache argued Arizona Revised Statutes (A.R.S.) § 12–401(12) (2010),[1] which deals with cases "concerning real property," applies to this case because the power lines, poles, and other obstructions within the navigable airspace around the Airpark constitute "real property." Navopache contended this action therefore concerns real property because the Nielsons alleged defendants were negligent in identifying, locating, designing, and/or installing such obstruc-

tions. Navopache further asserted that if the Nielsons are eventually successful on any of their claims, "real property would be directly affected" because the lines and poles might be relocated, or the City might be required to make changes to the Airpark.

¶ 5 The superior court granted Navopache's motion. The Nielsons obtained a sixty-day stay from the Apache County Superior Court and filed their petition for special action shortly thereafter. We have jurisdiction to hear and determine this special action pursuant to A.R.S. § 12–120.21(A)(4) (2010) and Arizona Rule of Procedure for Special Actions (Ariz. R.P. Spec.Act.) 8(a).

## II. DISCUSSION

¶ 6 Special action jurisdiction is highly discretionary and is appropriate when there is "no equally plain, speedy, and adequate remedy by appeal." Ariz. R.P. Spec. Act. 8(a); *State ex rel. Thomas v. Duncan*, 216 Ariz. 260, 262, ¶ 4, 165 P.3d 238, 240 (App.2007). Special actions are appropriate to challenge venue rulings. *See Dunn v. Carruth*, 162 Ariz. 478, 479–81, 784 P.2d 684, 685–87 (1989) (reviewing grant of motion for change of venue); *State Dep't of Corr. v. Fenton*, 163 Ariz. 174, 175, 786 P.2d 1025, 1026 (App.1989) (reviewing denial of motion for change of venue). We review de novo the superior court's interpretation of the venue statute, A.R.S. § 12–401. *See Amparano v. ASARCO, Inc.*, 208 Ariz. 370, 375, ¶ 14, 93 P.3d 1086, 1091 (App.2004).

¶ 7 In general, venue lies in the county where a defendant resides, unless the cause of action falls within an enumerated exception. *See* A.R.S. § 12–401. Subsections 10 and 12 of § 12–401 provide in relevant part:

10. When the foundation of the action is a crime, offense or trespass for which an action in damages may lie, the action may be brought in the county in which the crime, offense or trespass was committed or in the county in which the defendant or any of the several defendants reside or may be found.

we accept jurisdiction and grant the relief requested by petitioners.

---

1. We cite the current version of the applicable statute because no revisions material to this decision have since occurred.

. . .

12. Actions for the recovery of real property, for damages thereto, for rents, profits, use and occupation thereof, for partition thereof, to quiet title thereto, to remove a cloud or incumbrance on the title thereto, to foreclose mortgages and other liens thereon, to prevent or stay waste or injuries thereto, and **all other actions concerning real property,** shall be brought in the county in which the real property or a part thereof is located. (Emphasis added.)

¶ 8 In *Amparano*, we determined that both subsections 10 and 12 applied to that case, where the complaint alleged eight claims "clearly based in tort"[2] and also sought damages for alleged contamination of real property, remediation and monitoring of the property, and injunctive relief against future injuries to the real property. 208 Ariz. at 373, ¶¶ 5–8, 93 P.3d at 1089. We held that the mandatory real property exception, subsection 12, should take precedence over the permissive trespass exception, subsection 10. *Id.* at 374, ¶ 12, 93 P.3d at 1090.

¶ 9 In this case, although the superior court did not explain its ruling granting Navopache's motion, it is clear venue was transferred pursuant to the catch-all language, "all other actions concerning real property," of § 12–401(12). This conclusion is supported by a plain reading of § 12–401(12) in the context of the Nielsons' allegations. Additionally, Navopache's motion consistently refers to this portion of the statute.

■ ¶ 10 The *ejusdem generis* canon of construction "provides that general words which follow the enumeration of particular classes of persons or things should be interpreted as applicable only to persons or things of the same general nature or class." *State v. Barnett,* 142 Ariz. 592, 596, 691 P.2d 683,

687 (1984); *see also* Black's Law Dictionary 464 (8th ed.2004). Applying that principle here, we note that A.R.S. § 12–401(12) enumerates "[a]ctions for the recovery of real property, for damages thereto, for rents, profits, use and occupation thereof, for partition thereof, to quiet title thereto, to remove a cloud or incumbrance on the title thereto, to foreclose mortgages and other liens thereon, [and] to prevent or stay waste or injuries thereto." Thus, "all other actions concerning real property" necessarily refers to actions in which real property is the subject matter, or the basis of, the actions, and not merely peripheral.[3]

¶ 11 Defendants contend this action concerns real property because the Nielsons' interrogatories submitted in the course of discovery request information about the real property in St. Johns that is the site of the crash. Because the allegations against each defendant pertain to the condition and use of real property and structures on the Airpark, defendants assert venue is proper under A.R.S. § 12–401(12).

■ ¶ 12 However, "[i]n determining a venue question, we look to the allegations of the complaint, construing the pleading liberally in favor of the plaintiff." *Lakritz v. Superior Court,* 179 Ariz. 598, 599, 880 P.2d 1144, 1145 (App.1994); *see also Amparano,* 208 Ariz. at 373, ¶ 4, 93 P.3d at 1089. Here, it is clear the nature of the relief sought in the Nielsons' complaint is personal, sounds in tort, and does not concern real property. The subject matter of the complaint is not real property, but rather personal injuries that are alleged to have occurred by the negligence of defendants. Section 12–401(12) is inapplicable, and *Amparano* is therefore not controlling. The superior court erred in transferring venue to Apache County under § 12–401(12).[4]

---

2. The complaint alleged 1) trespass, 2) private and public nuisance, 3) strict liability, 4) negligence and negligence per se, 5) right to medical monitoring, 6) fraud and misrepresentation, 7) intentional infliction of emotional distress, and 8) negligent infliction of emotional distress. *Amparano,* 208 Ariz. at 373, ¶ 5, 93 P.3d at 1089.

3. We do not herein determine whether power lines, poles, and other obstructions constitute "real property."

4. The Nielsons also raise several other arguments relating to venue under A.R.S. § 12–406 (2010). Section 12–406 allows parties to change venue based on "prejudice" that would prevent "a fair and impartial trial" or for other "good and sufficient cause." The Nielsons discuss at

## III. CONCLUSION

¶13 We reverse the superior court's order transferring this matter to Apache County Superior Court.

CONCURRING: ANN A. SCOTT TIMMER, Chief Judge, and PATRICIA K. NORRIS, Judge.

length why they cannot obtain a fair and impartial trial in Apache County and argue they should be permitted to seek a change of venue under A.R.S. § 12–406. Because we conclude the su-

perior court improperly transferred venue under A.R.S. § 12–401(12), we need not address the Nielsons' remaining arguments.